```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :      NOTICE OF MOTION

       - v -                        :      S1 07 Cr. 734(RJH)

                                    :
DARRYL JOE,
                                    :
            Defendant.
                                    :
------------------------------------X
```

**PLEASE TAKE NOTICE** that upon his annexed affirmation and memorandum of law, the defendant **Darryl Joe** moves for an Order:

1. directing that an evidentiary hearing be held at which evidence will be developed concerning how he was exhibited to the alleged carjacking victim in this case and to any other witness to the alleged crime and,

2. suppressing trial evidence of his postarrest identification and trial identification testimony on the ground that he was subjected by the police to an improperly suggestive "show up" at a police precinct shortly after his arrest.

Dated:  New York, New York
        March 3, 2008

                                    Yours, etc.

                                    LEONARD F. JOY, ESQ.
                                    Federal Defender of New York

                              By:   _____
                                    **ROLAND THAU, ESQ.**
                                    Attorney for Defendant
                                       **Darryl Joe**
                                    52 Duane Street - 10th Floor
                                    New York, New York  10007
                                    Tel.: (212) 417-8733

```
TO:   MICHAEL GARCIA, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York  1007
      Attn: **MICHAEL D. MAIMIN**, Esq.,
      Assistant United States Attorney
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :                34
        - v. -                   :   S1 07 Cr. 7~~43~~ (RJH)
                                 :
                                 :   DEFENDANT'S AFFIRMATION
DARRYL JOE,                      :
                                 :
            Defendant.           :
- - - - - - - - - - - - - - - - x
```

I am the defendant in this case and make this affirmation under the penalty of perjury pursuant to 28 U.S.C. §1746 in support of my motion to suppress trial testimony expected to be offered by the government about my out-of court identification by a person whom it is alleged I robbed on or about July 14, 2007, as well as in-court identification by the same person on the ground that, on the day of my arrest, I was exposed alone in an impermissible, suggestive, show-up to the person who I believe is the person who would allege that I robbed him.

    1. I was arrested by the police on or about July 14, 2007, taken to the 42nd police precinct in Bronx, New York, and placed alone in a holding cell which is not visible from the entrance of the precinct. That cell has metal bars around which anyone can see into the cell from outside and anyone on the inside can see out. Outside that cell, a little beyond the bars, there is a glass wall or partition running parallel to the cell's bars and is only a few feet from them.

    2. I was placed in that cell before being processed by the

police and told by one of the police officers that if a certain person did not identify me, I would be going home.

Shortly after that, the police brought a man to the glass partition. I couldn't hear what he and the police were saying to one another. That man stopped on the other side of the glass from me, looked directly at me for a few seconds as I was standing alone at the cell's bars, facing out. The man was clearly not just passing by; he was made to stop in order to look at me. He did that and was then escorted out of my site by the police. After that, I was processed by the police and taken to court sometime later.

Since the police had earlier told me that I would be going home if someone did not identify me, I conclude that the man who looked at me through the glass and into the cell was the person expected to testify at trial that he identified me at the precinct and that the same person would identify me in court as a person who had robbed him.

3. My lawyer has informed me that this "show-up" procedure used by the police in my case is improperly suggestive and that this conduct by the police requires that this motion be made and that the court hold an evidentiary hearing in order to decide whether to suppress my trial identification and testimony relating to my out-of-court identification by the man who looked at me in the holding cell the day of my arrest.

                                        Affirmed

                                        */s/ Darryl Joe*
                                        DARRYL JOE,

February 20, 2008.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA            : **PRE-HEARING MEMORANDUM OF LAW**

        -v-                         :   S 1 07 Cr.734(RJH)

DARRYL JOE,                         :

        Defendant.                  :

------------------------------------X
```

**DEFENDANT'S PRE-HEARING MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO PRECLUDE IDENTICATION TESTIMONY**

PRELIMINARY STATEMENT

**Darryl Joe** moves for an order precluding the government from offering at trial, evidence that following his arrest, one or more witness(es) identified him as the person or one of the persons who committed a carjacking robbery and further precluding the government from offering trial testimony identifying him as having committed that robbery.

The basis for the motion is that on the day of his arrest, Mr. Joe was exhibited alone to the complaining witness who is said to have identified him as the person or one of the persons who had robbed him that same day, such that the "show-up" was unduly and impermissibly suggestive, creating a serious risk of misidentification.

1

**STATEMENT OF FACTS**

In the interest of brevity and economy, we incorporate herein by reference the factual recital set forth in Mr. Joe's affirmation in support of his motion and the preliminary statement above.

ARGUMENT

**POINT I**

**A ONE SUSPECT SHOW-UP IS IMPROPER AS IT CREATES A RISK OF MISIDENTICATION REQUIRING PRECLUSION OF IDENTIFICATION TESTIMONY UNLESS OTHER CIRCUMSTANCES RENDER THE IMPROPER SHOW-UP PROCEDURE HARMLESS**

The Due Process Clause of the Fifth Amendment prohibits identification testimony derived from impermissibly suggestive procedures that may lead to mistaken identification. Stovall v. Denno, 388 U.S. 293, 302 (1967). In United States v. Wade, 388 U.S. 218, 228-29 (1967) the Supreme Court outlined lineup procedures that might be overly suggestive including telling of the witness that the culprit has been caught and then bringing the suspect alone before the witness or allowing the suspect to be viewed in jail. Show-ups, as distinguished from lineups inherently involve greater risk of prejudicial misidentification because they provide only one suspect that the witness can identify, and that suspect is usually in police custody, as was the case here. Moore v. Illinois, 434 U.S. 220, 231 (1977).

We recognize and acknowledge that admission of an

2

impermissibly suggestive identification may amount to harmless error if other evidence of guilt is overwhelming, Kennaugh v. Miller, 289 F.3d 36, 48 (2d Cir. 2002). Moreover, an identification derived from unnecessarily suggestive procedures need not to be excluded if the totality of the circumstances indicate that the identification is reliable, notwithstanding its impermissibility. Manson v. Brathwaite, 432 U.S. 98, 114 (1977). Admittedly suggestive identification procedure need not require preclusion of the identification testimony if the totality of circumstances support the overall reliability of the identification. Dunnigan v. Keane, 137 F.3d 117, 129 (2d Cir. 1998).

Circuit courts have employed a two-step analysis to determine the admissibility of identification testimony. First, was the identification procedure impermissibly suggestive? And second, if it was, is the proffered identification testimony nonetheless reliable, using the five factors enumerated in Neil v. Biggers, 409 U.S. 188, 199-200(1972).

An evidentiary hearing should be held by the court to determine if, as Mr. Joe asserts, he was in fact subjected to be an impermissibly suggestive show-up. If the government concedes that point, the government would have the burden of establishing that the impermissibly suggestive show-up need not result in preclusion of the identification testimony because Biggers

3

factors or some of them render the impropriety of the show-up harmless. The Court is in no position to determine without a hearing whether <u>Biggers</u> factors are present here, how many of them there are and how compelling or otherwise those might be and whether, such as they are, they are sufficiently compelling to defeat preclusion.

**WHEREFORE,** we respectfully request an evidentiary hearing to be followed by preclusion of trial identification testimony.

New York, NY,
March 3, 2008

Respectfully submitted,

_____
Roland Thau,
Federal Defender of New York, Inc
Attorney for Defendant
**Darryl Joe**
52 Duane Street, 10th Floor
New York, New York 1007
tel.: (212) 417-8733