

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

June 11, 2008

**BY HAND**

The Honorable Richard J. Holwell
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States* v. *Darryl Joe*,
               07 Cr 734 (RJH)

Dear Judge Holwell:

      The Government respectfully submits this letter in opposition to the defendant's motion *in limine* to suppress both: (1) testimony at trial regarding the victim's identification of the defendant following the defendant's arrest; and (2) any contemporaneous identification of the defendant by the victim at trial. For the reasons set forth below, the Court should deny the defendant an evidentiary hearing and should not suppress any testimony regarding prior identification or contemporaneous identification.

**Statement of Facts**

      On August 9, 2007, a federal grand jury in this district indicted Darryl Joe (the "defendant") on one count of being a previously-convicted felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1). On November 28, 2007, a federal grand jury in this district returned a superseding indictment (the "Superseding Indictment"), charging the defendant on four counts: being a previously-convicted felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1); possession of an unregistered sawed-off shotgun, in violation of Title 26, United States Code, Section 5861(d); carjacking, in violation of Title 18, United States Code, Section 2119(1); and brandishing a firearm – and aiding and abetting the brandishing of a firearm – during and in relation to a federal crime of violence, in violation of Title 18, United States Code, Sections 924(c) and 2.

      In particular, on or about July 14, 2007, two armed men – one of them carrying a pistol and the other carrying a shotgun – stole a car from a person (the "Victim") at gunpoint.

(Complaint 2(a)). The Victim called 911 and reported the carjacking. (*Id.*). Shortly thereafter, a police officer saw the Victim's car, being driven by an individual, later identified as the defendant, who matched the description of one of the suspects. (Complaint 2(b)).

After the police drove behind the Victim's car, the defendant stopped the car, jumped out and ran into a building. (Complaint 2(b)). While securing the Victim's car, a police officer saw a bag on floor in the back of the car with a shotgun sticking out of it. (*Id.*). The bag turned out to contain not only a sawed-off Remington shotgun, but also several rounds of shotgun ammunition. (Complaint 2(b) and 3(b)).

Police officers entered the building and found the defendant, out of breath and sweating, in the hallway of one of the floors. (Complaint 3(a)). The defendant was unable to explain his presence in the building satisfactorily. (*Id.*). When the defendant was brought outside, the police officers who saw the defendant run from the Victim's car into the building identified the defendant. (*Id.*). Later, at the police station, the Victim identified the defendant as one of the men who had stolen his car at gunpoint.

I. **The Defendant's Motion to Suppress Identification Testimony Should Be Denied Without a Hearing.**

The defendant seeks to preclude the "government from offering at trial, [*sic*] evidence that following his arrest, one or more witness(es)[1] identified him as the person or one of the persons who committed a carjacking robbery" and "from offering at trial testimony identifying him as having committed that robbery." (Def. Mem. at 1). The defendant asserts that the police performed an improper "show-up" identification of the defendant at the police precinct, and that such an identification was impermissibly suggestive and violated the defendant's rights under the Due Process Clause. (Def. Mem at 1-2). In the alternative, the defendant seeks a hearing pursuant to *United States* v. *Wade*, 388 U.S. 218 (1967).

The defendant's motion for suppression should be denied, as should his request for a hearing. First, the defendant's affidavit in support of his motion consists of speculation and conjecture, and cannot serve as the basis for holding a hearing. Second, even if the Court were to assume, without basis, that the defendant's conclusions in his affidavit were true, show-up

---

[1] Although the defendant seeks to preclude identification testimony by "one or more witness(es) [who] identified him as the person or one of the persons who committed a carjacking robbery," neither his affidavit nor his memorandum of law address, in any way, the identifications made by the police officers who pulled the defendant over and saw him flee into the building. Accordingly, this response assumes that the defendant is not seeking to preclude those officers' identification testimony. If the defendant seeks anew to preclude that testimony, the Government will respond as appropriate.

Hon. Richard J. Holwell
June 11, 2008
Page 3 of 9

identifications like the one alleged by the defendant are not unnecessarily suggestive. Third, even if the Court were to determine that the alleged show-up identification was unnecessarily suggestive, the identification evidence is nonetheless independently reliable, and any challenge to its reliability can be made by the defendant at trial.

> A.   **The Court Should Deny the Motion to Suppress Because the Motion is Impermissibly Based on Conjecture and Speculation.**

The defendant's affidavit contains no more than conjectural conclusions about what must have happened during an allegedly improper "show-up" identification. This is not sufficient to merit an evidentiary hearing. *See United States* v. *Volpe*, 42 F. Supp. 2d 204, 223 (E.D.N.Y. 1999) ("[w]here a defendant's motion is based entirely on speculation as to how the procedures used in the identification might have been suggestive, and does not challenge the arrays themselves, a pre-trial hearing is not appropriate").

The Court must deny a motion to suppress without a hearing because the defendant has not raised an issue of fact that would render any identification illegal. *See United States* v. *Marquez*, 367 F. Supp. 2d 600, 603 (S.D.N.Y. 2005) ("To sufficiently raise an issue of fact, the defendant, in moving for a suppression hearing, must include an affidavit of someone alleging personal knowledge of the relevant fact, and *that fact must put the issue of the legality of the warrantless stop into contention*) (emphasis added) (citing *United States* v. *Gillette*, 383 F.2d 843, 848-49 (2d Cir. 1967)). "A defendant is entitled to an evidentiary hearing on a motion to suppress only if the defendant establishes a contested issue of material fact." *United States* v. *Noble*, 07 Cr. 284 (RJS), 2008 WL 140966, *1 (S.D.N.Y. Jan. 11, 2008) (citing *United States* v. *Dewar*, 489 F. Supp. 2d 351, 359 (S.D.N.Y. 2007); *United States* v. *Pena*, 961 F.2d 333, 339 (2d Cir. 1992)). "[O]rdinarily [a factual issue must] be raised by an affidavit of a person with personal knowledge of the facts," and otherwise "there is no basis for holding an evidentiary hearing or suppressing the evidence." *United States* v. *Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (citing *Gillette*, 383 F.2d at 848)).

Here, the defendant has done no such thing. The defendant's affidavit – which is concerned entirely with whether the police impermissibly suggested to the Victim that the defendant was the man who had just stolen the victim's car at gunpoint – does not address what, if anything, the police said to the man who the defendant believes looked at him.[2] Indeed, it could not, as the defendant admitted that he "couldn't hear what [the person who the defendant believes looked at him] and the police were saying to one another." (Def. Aff. ¶ 2).

---

[2] Indeed, although the Government concedes that the Victim did identify the defendant at the police precinct, there is no evidence in the record that the individual discussed by the defendant in his affidavit was the Victim, as opposed to another person who looked into the holding cell.

Hon. Richard J. Holwell
June 11, 2008
Page 4 of 9

      Instead, the defendant simply speculates. He states, without any personal knowledge, that the "man was clearly not just passing by; he was made to stop in order to look at me." (Def. Aff. ¶ 2). He states, without any personal knowledge, that "the man who looked at me through the glass and into the cell was the person expected to testify at trial that he identified me at the precinct and that the same person would identify me in court as a person who had robbed him." (*Id.*). And he parrots his attorney's assertion, as nothing more than *ipse dixit*, that "this 'show-up' procedure used by the police in my case is improperly suggestive." (Def. Aff. ¶ 3).

      Indeed, the defendant's affidavit does nothing more than allege on the basis of personal knowledge that a man looked at him while he was in his holding cell. This is not enough to allege an improper identification. Accordingly, the defendant has not made the requisite showing to merit an evidentiary hearing.

      **B.**      **The Court Should Deny the Motion to Suppress Without a Hearing Because There is No Allegation of Fact – Based on Personal Knowledge – That the Identification Procedure Was Unnecessarily Suggestive.**

      In *Manson* v. *Brathwaite*, 432 U.S. 98 (1977), the Supreme Court established the clear two-step analysis to be followed in ruling on the admissibility of identification evidence. First, the defendant must show that the identification was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." *United States* v. *DiTommaso*, 817 F.2d 201, 213 (2d Cir. 1987) (quoting *Stovall* v. *Denno*, 388 U.S. 293, 302 (1967)); *see also United States* v. *Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990) (defendant must show identification so unnecessarily suggestive that "in all the circumstances, there is 'a very substantial likelihood of irreparable misidentification'") (quoting *Simmons* v. *United States*, 390 U.S. 377, 384 (1968)). If the defendant cannot make such a showing, "the trial identification testimony is generally admissible without further inquiry into the reliability of the pretrial identification. In that circumstance, any question as to the reliability of the witness's identifications goes to the weight of the evidence, not its admissibility." *Maldonado-Rivera*, 922 F.2d at 973.

      Even if the court concludes that the identification procedure was unnecessarily suggestive, however, the Court need not suppress the identification. *See Braithwaite*, 432 U.S. at 110 (rejecting "per se" approach that would "require[] exclusion of the out-of-court identification evidence, without regard to reliability, whenever it has been obtained through unnecessarily suggested confrontation procedures"). Rather, if the Court reaches that conclusion, a second determination must be made: whether the identification evidence is nevertheless independently reliable based on the totality of the circumstances. *See Id.* at ll0-114 ("reliability is the linchpin in determining the admissibility of identification testimony"); *United States* v. *Simmons*, 923 F.2d 934, 950 (2d Cir. 1991) (even where the procedure is suggestive, district court may still admit the evidence "if, when viewed in the totality of the circumstances, it possesses sufficient

Hon. Richard J. Holwell
June 11, 2008
Page 5 of 9

indicia of reliability"). The Court, of course, need not reach the second issue, if it finds that the identification procedure was not unnecessarily suggestive. *See*, *e.g.*, *Sims* v. *Sullivan*, 867 F.2d 142, 145 (2d Cir. 1989) ("Because the pretrial procedures in the instant case were not unduly suggestive . . . we need not address the question of the independent reliability of [the witness'] identification of [the defendant]."); *Jarrett* v. *Headley*, 802 F.2d 34, 42 (2d Cir. 1986) ("[I]f the procedures were not impermissibly suggestive, independent reliability is not a constitutionally required condition of admissibility.").

Here, there are no allegations that imply that the alleged show-up identification in the police station was unnecessarily suggestive. Even if, as the defendant claims, the "show-up" identification occurred while he was in a holding cell in a police station, the Second Circuit has held that similar identification procedures are not unnecessarily suggestive. For example, in *United States* v. *Bautista*, 23 F.3d 726 (2d Cir. 1994), the Second Circuit considered the suggestiveness of a confidential informant's identification of the defendant when the defendant and others were individually presented to the confidential informant ("CI") moments after their arrest. The defendant claimed that the identification procedure was unnecessarily suggestive "in that he was presented to the CI in handcuffs; at night; in the custody of police officers; with his face lit by flashlights; and in the presence of [a police officer] who, each time the CI identified a suspect, radioed to his fellow officers, 'it's a hit.'" *Id.* at 730. The defendant also argued "that the identification by the CI was unnecessary because the suspects had already been identified by [another witness]." *Id.*

Noting that the standard is whether "the identification procedure was *unnecessarily* suggestive," *id.* (emphasis in original), the *Bautista* Court held that "the presentation of the suspects to the CI immediately following the raid was not unnecessarily suggestive." *Id.* Finding that "a prompt showing of a detained suspect at the scene of arrest has a very valid function: to prevent the mistaken arrest of innocent persons," *id.* (internal quotation marks omitted), the Court found that "under the circumstances . . . the presentation of the suspects to the CI was necessary," *id.* The Court further stated:

> The fact that the suspects were handcuffed, in the custody of law enforcement officers, and illuminated by flashlights also did not render the pre-trial identification procedure unnecessarily suggestive. In this case, handcuffs, custody, and flashlights were all necessary incidents of an on-the-scene identification immediately following a night-time narcotics raid.

*Id.* In fact, the Court went so far as to observe that "rather than excoriate the law enforcement officials involved for conducting an unduly suggestive procedure, one might commend them for their immediate efforts to ascertain and release innocent people." *Id.* at 730 n.6.

Hon. Richard J. Holwell
June 11, 2008
Page 6 of 9

It is clear from *Bautista* and numerous cases like it that the alleged show-up identification of the defendant by the Victim, shortly after the defendant's arrest, was not unduly suggestive. *See, e.g.*, *United States* ex rel. *Cummings* v. *Zelker*, 455 F.2d 714, 716 (2d Cir. 1972) (identification not impermissibly suggestive where defendants in back of police car were shown to witness); *United States* v. *Ortiz*, 2000 WL 37998, at *1 (S.D.N.Y. 2000) (post-arrest identification not unduly suggestive where defendants were "in handcuffs, standing beside a marked police car, and accompanied by uniformed police officers"); *Jamison* v. *Grier*, 2002 WL 100642, at *21 (S.D.N.Y. 2002) (identification not unnecessarily suggestive where defendant was "arrested two blocks from the scene of the crime and shown (in handcuffs) to the eyewitness for identification").

The fact that the defendant had already been identified by the two police officers who saw him flee the stolen car and run into the building only reinforces the necessary conclusion that the alleged "show-up" identification was not unduly suggestive. It is clear from the ruling in *Bautista*, where the show-up identification by the confidential informant followed a show-up identification by a police officer, that seeking a second identification is not unnecessary, but, rather, constitutes "an immediate reasonable effort to confirm the suspect's identity." *Bautista*, 23 F.3d at 730 (internal quotation omitted). (If anything, the defendant's allegation that an officer told him that "if a certain person did not identify [the defendant, he] would be going home" (Def. Aff. ¶ 2) demonstrates that, if the defendant is to be believed, the police were doing that which was praised in *Bautista* – making "an immediate reasonable effort to confirm the suspect's identity," rather than acting unreasonably, as the defendant claims.) Likewise, although the alleged "show-up" occurred inside of a police station, rather than at the scene of the arrest, cases have held that a show-up identification may take place away from the scene of arrest without rendering the identification procedure unduly suggestive. *See Galella* v. *Coughlin*, 1986 WL 10288, at *4 (S.D.N.Y. 1986) (where police and suspect "fortuitously" encountered witness at hospital, conducting show-up identification at that location was "practical and efficient"); *Brodnicki* v. *City of Omaha*, 75 F.3d 1261, 1265-66 (8th Cir. 1996) (show-up "not impermissibly suggestive" where witness taken to defendant's house to perform identification).

> C.  **The Court Should Deny the Motion to Suppress Without a Hearing Because There is No Allegation of Fact – Based on Personal Knowledge – That the Identification Procedure Was Not Independently Reliable.**

Because there have been no allegations on the basis of personal knowledge that the alleged "show-up" identification was unnecessarily suggestive (*see supra*), the Court should deny the motion to suppress without addressing the second issue – independent reliability – under the *Brathwaite* two-step test. *See, e.g., Sims* v. *Sullivan*, 867 F.2d 142, 145 (2d Cir. 1989) ("Because the pretrial procedures in the instant case were not unduly suggestive . . . we need not address the question of the independent reliability of [the witness'] identification of [the defendant]"); *Jarrett*

Hon. Richard J. Holwell
June 11, 2008
Page 7 of 9

v. *Headley*, 802 F.2d 34, 42 (2d Cir. 1986) ("[I]f the procedures were not impermissibly suggestive, independent reliability is not a constitutionally required condition of admissibility").

Even if the Court were to conclude that the defendant had made sufficient allegations on the basis of personal knowledge to create a contested issue of material fact regarding the suggestiveness of the alleged "show-up" identification, the Court should still deny the motion to suppress because there is no allegation of fact based on personal knowledge creating a contested issue of material fact regarding the second prong of the *Brathwaite* test: independent reliability. *See Brathwaite*, 432 U.S. at 110 ((rejecting "per se" approach that would "require[] exclusion of the out of court identification evidence, without regard to reliability, whenever it has been obtained through unnecessarily suggested confrontation procedures"). The determination of whether the identification evidence is independently reliable – and, therefore, whether the defendant has made sufficient allegations on the basis of personal knowledge to establish a contested issue of material fact – is based on the totality of the circumstances. *See id.* at 110-114 ("reliability is the linchpin in determining the admissibility of identification testimony"); *United States* v. *Simmons*, 923 F.2d 934, 950 (2d Cir. 1991) (even where the procedure is suggestive, district court may still admit the evidence "if, when viewed in the totality of the circumstances, it possesses sufficient indicia of reliability"). The factors relevant to assessing reliability include (1) the witness's opportunity to view the criminal at the time of the crime, (2) the degree of the witness's attention, (3) the accuracy of the witness's prior description of the criminal, (4) the degree of certainty demonstrated by the witness at the improper confrontation, and (5) the length of time between the crime and the confrontation. *See Neil* v. *Biggers*, 409 U.S. at 199-200. The facts in this case more than satisfy these factors and establish independent reliability.

Indeed, the defendant has made *no* allegations – whether factual or speculative – regarding the independent reliability of the alleged "show-up" identification procedure. Nor could he – the undisputed facts in this case fall well within the realm of independent reliability. The Victim had been robbed, close-up, by two men who pointed a pistol and shotgun at him. (Complaint ¶ 2(a)). His alleged identification of the defendant occurred "shortly after" the defendant had been brought to the police station following the defendant's arrest on the same day as the robbery. (Def. Aff. ¶ 2). The defendant had already been identified by two police officers who had seen the defendant flee the Victim's stolen car and run into a building in an attempt to escape the police. (Complaint ¶ 3(a)). A shotgun had been found in the Victim's stolen car, which the defendant had just fled. (Complaint ¶ 2(c)). These facts more than establish independent reliability under caselaw in this circuit – and the defendant has alleged no facts to dispute that conclusion. *See*, *e.g.*, *United States* v. *Wong*, 40 F.3d 1347, 1360 (2d Cir. 1994) (identification independently reliable when made by witness to homicide in restaurant whose attention was fixed on defendant's face on one occasion for two or three seconds); *United States* v. *Concepcion*, 983 F.2d 369, 378 (2d Cir. 1992) ("nature of events" in struggle and shooting on street were such as to "attract and hold [the witnesses'] attention"); *Gonzalez* v. *Hammock*, 639 F.2d 844, 847 (2d Cir. 1980) (glance of few seconds at defendant as he pulled shotgun from bag

Hon. Richard J. Holwell
June 11, 2008
Page 8 of 9

on a street and walked away was "enough of an opportunity to fix an image" of the defendant); *Yearwood* v. *Keane*, 101 F.3d 685, 1996 WL 282134 (2d Cir. May 29, 1996) (holding that a robbery victim has a special interest and reason to pay close attention to his attacker).

### D. The Court Should Not Order an Evidentiary Hearing Because There Are No Peculiar Circumstances Necessitating One.

A hearing regarding the admissibility of identification testimony is unwarranted because no unusual circumstance calls into question the independent reliability of the identifications.

In *Watkins* v. *Sowders*, 449 U.S. 341 (1981), the Supreme Court held that a defendant is not automatically entitled to a pretrial hearing regarding the admissibility of identification evidence. *See id.* at 347. The Court noted that, while identification testimony is "significant evidence," it is "not a factor that goes to the very heart of the adversary process such as advice of counsel or an involuntary confession." *Id.* (quotation omitted). Thus, absent "peculiar circumstances," the reliability of identification evidence should ordinarily be evaluated by a jury, as is most evidence. *See id.* The Second Circuit has held that adhering to this practice of allowing cross-examination and argument to suffice as a test of reliability is particularly appropriate in a case where the identifying witnesses "had seen the defendant in person and in action at approximately the time of the violations charged in the indictment." *United States* v. *Baccollo*, 725 F.2d 170, 173 (2d Cir. 1983) (no pretrial proceeding or voir dire required before witnesses made in-court identification).

Here, there is no "peculiar circumstance" requiring a departure from the normal practice of allowing the adversary process at trial to determine the reliability of the identifications. The Victim had the opportunity to observe the defendant from close proximity as the defendant robbed the Victim at gunpoint. Likewise, the witness subsequently identified the defendant shortly after the crime, and after two police officers had made an independent identification of the defendant. Because the witness's opportunity to view the defendant here was as extensive as opportunities routinely deemed sufficient to afford an independent basis for an in-court identification, no pre-trial hearing should be held. (*See supra* at Section I.C).

Rather, at trial, the Government will lay a foundation for the introduction of the witness's identification evidence, and the defendant will then be free, if he so chooses, to engage in vigorous cross-examination. To conduct a hearing where there is clearly only a *de minimis* risk of mis-identification would serve only to afford the defendant discovery to which he is not entitled.[3] Because the defendant's right to challenge the identification can amply be protected by

---

[3] If at trial, after the Government has laid its foundation, the Court should find that there is not a sufficient, independently reliable basis for the identification, then the Court can conduct *voir dire* out of the presence of the jury to determine whether the pretrial identification

Hon. Richard J. Holwell
June 11, 2008
Page 9 of 9

cross-examination and voir dire at trial, the Court should exercise its discretion to deny the defendant's motion for a pre-trial hearing. *See United States* v. *Finley*, 245 F.3d 199, 203 (2d Cir. 2001) (Court of Appeals reviews "decision not to hold a [Wade] hearing for abuse of discretion").

Because the defendant has not, and cannot, articulate any proper grounds for challenging the victims' identification, this Court should not proceed with a hearing, which would prejudice the Government by forcing it to identify its witnesses prematurely and may unnecessarily place these witnesses in harm's way.[4]

## Conclusion

Accordingly, the defendant's motion to hold and evidentiary hearing and suppress trial evidence of the defendant's post-arrest identification as well as any in-Court trial identifications should be denied.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____/s/_____
Michael D. Maimin
Assistant United States Attorney
Southern District of New York
(212) 637-2238

cc:   Roland Thau, Esq.

---

was suggestive and whether it would impermissibly taint any in-Court identification.

[4]   To the extent that, after reviewing this submission, the Court concludes that a hearing is proper, the Government requests that the Court conduct the hearing either immediately before trial or during trial outside the presence of the jury. Further, the hearing should proceed in the two-stage process contemplated by *Wade* and its progeny. The Court should first determine whether the identification procedures were unduly suggestive. Only if the Court determines that the procedures were unduly suggestive should the witnesses be asked to testify regarding the second stage of the inquiry, whether their identifications were independently reliable.