Kelley J. Sharkey
Attorney-at-Law
26 Court Street, Suite 2805
Brooklyn, NY 11232
718-858-8843
kelleysharkeyesq@verizon.net

July 20, 2008

Hon. John F. Keenan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>US v Darryl Joe</u>
         Cr. No. 07-734 (JFK)

Dear Judge Keenan:

      This letter addresses the Court's request for Voir Dire Requests, Defense Requests to Charge the Jury, and some outstanding legal issues that require resolution before the commencement of trial. The defense has been in contact with the Government over the weekend and believes all of these issues will be resolved before Tuesday, and any remaining related matter can be addressed on Tuesday morning, July 22, 2008.

## Defendant's Voir Dire Requests

      The defense is aware that the Court has picked countless juries and does not presume to script your Honor's introductory remarks. We do request that the Court inform the jurors that an indictment is proof of nothing, it is not evidence, and no inference against Daryl Joe may be drawn by its issuance. Further, we respectfully request that the Court inform the potential jurors that Daryl Joe has entered a plea of not guilty to each of the charges against him and is presumed innocent of these charges. The jurors should know that a defendant does not have to prove anything and that the Government bears the burden of proving the guilt of Daryl Joe, or any defendant, beyond a reasonable doubt. Last, we request that the Court inform the jurors about the nature of the charges in this case and inquire whether based on the nature of the charges the jurors feel they could evaluate the evidence with an open mind to determine whether or not the Government has met their burden of proof beyond a reasonable doubt. With those preliminary remarks in mind, we request the Court inquire into areas listed below.

**Personal Background**

1. Age

2. Gender

3. Place of Birth

4. Ethnic Background

5. In what town, city, or county do you currently live?

6. Length of time at address

7. If less than 5 years at current address, indicate your prior town or community.

8. Domestic Status

9. If you have children please list age, education level, and occupation.

10. What is your level of education?

11. What is your occupational status (employed, student, retired, homemaker, other)?

12. What is your current employment? Describe what you do.

13. Please advise Court of all prior occupations or jobs during the past 15 years.

14. What is your spouse's level of education?

15. What is your spouse/domestic partner's occupational status?

16. What does your spouse do for a living? Describe what they do.

17. Do you, or any members of your household, or close friends or family: own a gun; have firearms training; shoot guns for enjoyment; hunt? If yes, please elaborate.

18. Are you or have you ever been involved in Law Enforcement (Police Department, State Police, Neighborhood Crime Watch, PBA, etc.)? If yes, please elaborate

19. Has your spouse, family members, or close friends ever been involved in Law Enforcement (Police Department, State Police, Neighborhood Crime Watch, PBA, etc.)? If yes, please elaborate.

20. Have you, your spouse/partner, immediate family, or close friend(s) ever served in the armed forces, including the reserves, National Guard, or ROTC? If yes, please elaborate.

**Organizational Affiliations, Hobbies and Spare Time Activities**

21.  Please inform the Court of the organizations to which you and your spouse/domestic partner belong in which either of you participate, either now or in the past 5 years. Include any civic, social, religious, charitable, volunteer, political, sporting, professional, business, union, fraternal and recreational groups, such as, but not limited to Knights of Columbus, Kiwanis, Rotary Club, VFW, American Legion, National Rifle Association, American Civil Liberties Union, N.A.A.C.P., League of Women Voters.


22. Have you, any member of your family, or any close personal firend ever held an elected or appointed office in the federal, state or local government? If yes, please elaborate

**Media Consumption**

23.  How often do you read a newspaper? Please identify which publication you read.

24.  Do you watch TV news? If yes, how often and which program?

25.  Do you listen to radio news? If yes, how often and which program?

26.  Do you get your news from the Internet? If yes, how often and which carrier?

27.  Do you listen to, watch, or blog, on a regular basis, talk shows or political commentators? If yes, please elaborate.

**Contact and Experiences with Crime, Courts, and the Legal System**

28.  Have you, or has any member or your family, or close friend or relative, ever been the victim of, or witness to a crime, whether or not the crime was reported to law enforcement? If yes, please elaborate (victim or witness, type of crime, was it reported, anyone caught, outcome?)

29.  If you answered yes to question 29, in what ways did any of these incidents affect your attitude about crime?

30.  How do you feel about how the police or law enforcement authorities handled the situation?

31.  Have you, or has any member of your family or a close friend, ever been questioned about, accused of, investigated for, arrested for, or charged with a crime? If yes, please elaborate (relationship to person charged/questioned, crime charged/investigated, case outcome).

32. If you answered yes to 31, would this experience affect your ability to serve as a juror in this case?

33. Have you ever had to appear in court, or in any legal proceeding, as a plaintiff, defendant, victim, or witness for any reason other than that discussed above? If yes, please elaborate.

34. Have you ever hand an unfavorable experience with a member of law enforcement, a lawyer, or a judge? If yes, please elaborate.

35. Have you, or any close friend or relative, made or brought any claims or lawsuits against any federal, state, or local government authority? If yes, please elaborate.

36. Have an claims or lawsuits ever been made by any federal, state or local official or government authority against you, or any close friend or relative. If yes, please elaborate.

37. Have you ever served as a juror at a trial before? If yes, please provide the following information: date of service; in what Court; civil or criminal; charges/allegations; did the jury reach a verdict?

38. If you previously served on a jury, please describe the experience. For instance, was it a positive experience? Was there anything about your experience that left you disappointed or dissatisfied with our justice system? Please elaborate.

39. Is there any racial or ethnic group that you do not feel comfortable being around? Please elaborate.

40. Darryl Joe, the defendant in this case, has stipulated (agreed in fact) that prior to July 14, 2007, the date of the incident of which he stands accused, he pled guilty to a crime punishable by imprisonment for a term exceeding one year. How will that fact affect the way you view the evidence presented against him at this trial? Please elaborate.

41. Do you generally "hold your ground" when you feel that you are correct, or are you easily swayed by the strong influence of others? Please explain.

42. Have you, any members of your family, or any close friends ever been employed by, or made any application for employment with, any local, state, or federal law enforcement or private security agency?

43. Have you, or has any close friend or relative, every worked or been a volunteer in the legal profession either as a lawyer, paralegal, or in a law office, including a prosecutor's or public defender office? If yes, please elaborate.

**Court Instructions/ Information about Case**

44. Do you have any information about this case (the defense is not aware of any media coverage)?

45. Every defendant is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence presented at trial decides that his guilt has been proven beyond a reasonable doubt. The burden of proving guilt rests entirely with the government. The defendant has no burden of proof at all. Would you have any difficulty following this rule? If yes, please elaborate.

46. Daryl Joe is charged with a number of separate crimes. Under the law, you must consider each alleged crime separately. You must find Daryl Joe not guilty of each count unless the evidence that has been presented in court proves his guilt on a specific count beyond a reasonable doubt. Would you have difficulty following these rules? If yes, please elaborate.

47. Under our system of law, a defendant need not testify in his own defense. If a defendant does not testify, the jury may not consider that fact in any way in reaching a decision as to whether a defendant is guilty or not guilty. Would you have difficulty following this rule? If yes, please explain.

48. If during the course of jury deliberations, a fellow juror should suggest that you disregard the law or the evidence, and decide the case on other grounds, would you as a juror be able to reject the suggestion and abide by your oath to this Court to decide the case solely on the evidence and law as the Court has instructed you to do, without regard to sympathy, bias, or prejudice? If no, please elaborate.

**Additional Issues**

49. Are you currently taking any prescription medication that may prevent you from giving your full attention to the matters in court during this trial? If yes, please explain.

50. What is the condition of your hearing?

51. What is the condition of your eyesight?

52. Do you have any personal, professional or financial obligations that would prevent your from giving your full attention or prevent you from being present in Court for the duration of the trial?

53. Do you know of any reason whatsoever why you cannot sit as a juror in this case and decide it fairly and impartially according to the law?

54. Do you recognize the judge in this case, any of the court personnel, attorneys or any of the potential witnesses?

55. Is there any matter not covered by this questionnaire that you think that the Court or the attorneys might want to know about you when considering you as a juror in this case?

## Jury Instructions

The defendant Daryl Joe respectfully requests that in addition to its customary, standard instructions, some of which are not set forth herein for the sake of economy but are requested be given, the Court instruct the jury as follows or in language which expresses the intentions of this submission.

### Request No. 1 - General Instructions

Daryl Joe respectfully requests that the Court give the pattern instructions with respect to the following matters:
- a. Functions of Court and Jury
- b. Statements of Court and Counsel not Evidence
- c. Presumption of Innocence and Burden of Proof
- d. Witness Credibility
- e. Right to See Exhibits and Have Testimony Read During Deliberations
- f. Requirement of Unanimity of Verdict
- g. Stipulations as Evidence
- h. Venue

**Request No. 2 - Direct And Circumstantial Evidence**

Evidence may be a direct or circumstantial. Direct evidence is direct proof of a fact such as testimony by a witness about what she or he personally saw or heard or did. Circumstantial evidence is <u>indirect</u> evidence, that it is, evidence from which one might infer or find another fact. You ought to consider both direct and circumstantial evidence. The law permits you to give equal weight to both providing however that you understand that direct evidence is a one step process which only requires that you believe a witness or physical exhibit to truthfully tell or reflect the fact to be proven. In effect, then, direct evidence requires only that the jury believe that the accuracy of the testimony or the physical exhibit.

To be credited, circumstantial evidence however, requires first that the jury believe the accuracy of the witness or the exhibit but requires in addition that the jury draw an inference or a conclusion from that first finding. That is why I told you that circumstantial evidence involves a two-step process. I caution you also that an inference may be perfectly reasonable and yet be factually wrong.

If you find that the evidence gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then you must find the defendant not guilty since I have told you elsewhere that a defendant is presumed innocent and should benefit from every reasonable doubt.

**Authority**

Ninth Circuit Pattern Charge 1.5; <u>United States v. Glenn</u>, 312 F.3d 58, 70 (2d Cir. 2002). <u>See also</u> First Circuit Pattern Charge 3.05.

The proposed instruction clearly defines direct and circumstantial evidence. We ask that the Court not add certain examples of direct and circumstantial evidence, because such examples can be unnecessarily confusing and potentially burden shifting. In particular, the frequently used example of sitting in a courtroom without windows but concluding it is raining outside because people walk in dripping wet is problematic because the example involves jurors witnessing an event firsthand and then making inferences based upon that experience; whereas in the trial the jurors must make inferences based upon the testimony of others. There is an additional layer of reasoning that jurors must employ when considering circumstantial evidence, and the example takes the emphasis away from the reasoning process, instead focusing the jury on an obvious answer.

In addition, the common charge that circumstantial evidence is "as valuable as direct evidence," and that the law makes no distinction between the two, is misleading because it circumstantial evidence often involves an additional leap of reasoning that is not required from direct evidence. Not only must a witness' credibility and memory be credited, but then an inference must be made as to the meaning of the witness' statement. Each piece of evidence should be evaluated independently and the jurors should be free to find that circumstantial evidence is more or less valuable than direct evidence.

The Second Circuit held that if the evidence, viewed in the light most favorable to the prosecution, gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt. United States v. Glenn, 312 F.3d 58, 70 (2d Cir. 2002).  The Second Circuit reversed a conviction for insufficiency of evidence because the Government's circumstantial evidence gave nearly equal support to a theory of innocence.  Id.

## Request No. 3 - Law Enforcement Witnesses

You have heard the testimony of law enforcement officers. A witness' employment as a law enforcement official does not make her or his testimony more or less deserving of consideration or carry a greater or lesser weight than that of any other witness.

It is quite legitimate for the defense to attack the credibility of a law-enforcement witness on the grounds that her or his testimony may be colored by a personal or professional interest in the outcome of the case or any other ground which might be argued concerning any other witness.

It is your decision, after listening to the arguments of counsel of both sides and reviewing all the evidence, whether to accept the testimony of law enforcement witnesses and to give the testimony whatever weight you decide it deserves.

### Authority
Adapted from L. Sand, et al., Modern Federal Jury Instructions -Instruction 7-16.

## Request to Charge No. 4 - Reasonable Doubt

The government must prove a defendant guilty beyond a reasonable doubt.   The question naturally is: What is a reasonable doubt?   The words almost define themselves. It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all the evidence.   It is a doubt that would cause a reasonably prudent person to act in a matter of the highest importance in her or his personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate  to rely and act upon it in the most important of her or his own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. This burden of proof never shifts to the defendant.  It is not  Daryl Joe's  burden to prove that he is innocent. It is always the government's burden to prove each of the elements of each crime charged beyond a reasonable doubt.

If after a fair and impartial consideration of all the evidence and any lack of evidence you're satisfied beyond a reasonable doubt that the government has proven each element of each crime charged, you may convict  of the charge or count as to which you are so satisfied.

On the other hand, if after a fair and impartial consideration of all the evidence and the

reasonable inferences you draw from it you are left with a reasonable doubt, it is your duty to acquit Daryl Joe.

I remind you that since Daryl Joe is presumed innocent and since that presumption remains intact until such time if ever you find that it has been overcome, and since the burden of proof is entirely on the government and not on him, the question you should ask yourselves is absolutely not whether the evidence shows his innocence –since it is presumed– but rather whether the evidence demonstrates his alleged guilt beyond a reasonable doubt.

It has often been said that a jury's function in a criminal case is to determine guilt or innocence. Nothing is further from the truth. Since a defendant at the criminal bar is presumed innocent, a jury should not consider whether the evidence demonstrates innocence but should only consider whether it demonstrates a defendant's alleged guilt. If a jury were to weigh whether a defendant was innocent it would impermissibly shift the burden of proof to the defendant who, as you know has no such burden.

**Authority**
Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction 4-2.

**Request No. 5 - Defendant's Election Not to Testify (if applicable)**

Daryl Joe did not testify in this trial. Under our Constitution, he has no obligation to testify or to present any evidence because it is for the prosecution to prove that a defendant is guilty beyond a reasonable doubt.

As I stated earlier, the burden remains with the prosecution throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent. The right of the defendant not to testify is an important part of our Constitution. The Supreme Court of the United States has said:

> It is not everyone who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, go often confuse and to embarrass him to such a degree is to increase rather than remove any prejudice against him. Is not everyone, however honest, who would therefore willingly be placed on the witness stand.

You may not attach any significance to that defendant's decision to not testify. No adverse inference against him may be drawn by you because he did not take the stand. You may not consider this against him in any way in your deliberations.

**Authority**
Adapted from the charge of the Hon. John S. Martin in <u>United States v. Flanagan</u>, 95 Cr. 105

(JSM) (Tr. at 558 - 559) (quoting <u>Wilson v. United States</u>, 149 U.S. 60, 66 (1893)).  <u>See also</u> <u>Carter v. Kentucky</u>, 450 U.S. 288, 300 n.15 (1981); <u>Griffin v. California</u>, 380 U.S. 609, 613 (1965); charge of the Hon. John S. Martin in <u>United States v. Anosike</u>, 94 Cr. 717 (JSM).

**Request No. 6 - Defendant's Election To Testify (if applicable)**

As I instructed to earlier, a defendant in a criminal case never has any duty to testify or come forward with any evidence at all. This is because the burden of proof beyond reasonable doubt remains on the government at all times and a defendant is presumed innocent. In this case, Daryl Joe did testify and he was subjected to cross examination , like the other witnesses. The fact that he testified does not in any way remove or lessen the burden on the government to prove the charges beyond a reasonable doubt as a defendant did not have to testify and in fact did not have to present any evidence whatever.

You should examine and evaluates his testimony just as you would the testimony of any witness with an interest in the outcome of the case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant and would, of course, wish to be acquitted by you. You also need to remember that a defendant's decision to testify does not in any way shift the burden of proof to him. Do not ask yourselves whether his testimony convinces you of his innocence. Rather, you must consider all the evidence and or the lack of evidence presented to you and then ask yourselves whether or not the prosecution has proven charges contained in the indictment beyond a reasonable doubt.

**Authority**

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction 7-4; <u>see also</u> Charge of Hon. Robert P. Patterson in <u>United States v. Jose De La Cruz-Ramirez</u>, 97 Cr. 711 (RPP).

**Request No. 7 - Government Treated Like Any Other Party**

_____You are to deliberate and return verdicts, without bias or prejudice for or against any party. Remember that all parties stand equal before the jury in the courts of the United States. The fact that the government is a party and the prosecution is brought in the name of the United States is not entitled to government or its witnesses to any greater consideration than that recorded any other party. By the same token, you must give it no less consideration.

Before each of you was sworn in as a juror, you assured us on your oath that you would follow the law as I give it to you and not return verdicts infected by improper views that certain principles of law and arguments of counsel were "mere legal technicalities" which you would not respect and follow. I tell you once again that, in the administration of justice, and particularly in a criminal case, there is no such thing as a "mere legal technicality" and that if any of you were inclined to return verdicts influenced by such views, you would not be doing justice either to our sacred principles and certainly not to Daryl Joe who, as every defendant at the bar, deserves a fair trial.

**Authority**
Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instruction 2-5; see also Charge of Hon. Shira A. Scheindlin in United States v. Gary Tyner, 03 Cr. 1412 (SAS).

**Request No. 8 - Improper Considerations**

Your verdict must be based solely on the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching good decisions as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, and national origin, sex, or age. Persons charged with a crime are entitled to the presumption of innocence and the government always has the burden of proof.

It would be equally improper for you to allow any feelings he might have about the nature of the crime charged, as I have explained them to you, to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

**Authority**
Adapted from L. Sand, et al., Modern Federal Jury Instructions - Instruction 2-11.

**Request No. 9 - The Indictment**

Daryl Joe is charged in an indictment as I instructed previously. The indictment is a charge or accusation. It is simply the means by which a criminal case is started. Is not evidence. It does not create any presumption against a defendant Nor does it create any inference that Daryl Joe is guilty or committed any of the crimes charged in the indictment. The indictment in this case contains four counts. I will first summarize the offenses charged and then explain in detail some of the elements of the offenses.

**Request 10 - Summary of the Indictment**

I will now turn to the specific charges in the indictment (Please read Count One - Count Four of indictment). Daryl Joe has pled not guilty to each charge. In doing so, he has denied that he committed any of the offenses charged and he and the law which you must follow have placed the entire burden of proof on the government.

**Request No. 11 – Elements of the Offense in Count One 18 U.S.C. 922(g)(1)**

You must find Daryl Joe not guilty unless the government has established beyond a reasonable doubt each of the following elements:

first, that he had previously been convicted, pled guilty, of a crime punishable by imprisonment exceeding one year;

second, that on or about July 14, 2007, in the Southern District of New York, he knowingly and intentionally possessed a Remington 870 Shotgun, and

third, that the Remington 870 Shotgun had previously been shipped in interstate commerce.

If the government fails to prove any one of these elements beyond a reasonable doubt, you must acquit Daryl Joe of that count as well as of Count II, the firearm charge because Count two is entirely dependant on Count I.

**Request No. 12 - Elements of the Offense in Count Two 26 U.S.C. 2119 (1)**

You must find Daryl Joe not guilty unless the government has established beyond a reasonable doubt each of the following elements:

first, that on or about July 14, 2007, in the Southern District of New York, Darryl Joe knowingly and intentionally possessed a fire arm that was not registered to him, to wit, one Remington 870 Express Shot gun;

second, that Daryl Joe knew that the barrel length of said shotgun was less than 16 inches.

If the government fails to prove any one of these elements beyond a reasonable doubt, you must acquit Darryl Joe of that count.

**Request No. 13 Elements of Count Three 18 U.S.C. 2119(1)**

You must find Daryl Joe not guilty unless the government has established beyond a reasonable doubt each of the following elements:

first, that on or about July 14, 2007, Darryl Joe, with the intent to cause death and serious bodily harm to Michael Hargrove, knowingly, willfully and unlawfully, took a motor vehicle, a black Land Rover Discovery, from Michael Hargrove; and

two, that motor vehicle, was taken by Darryl Joe, from Michael Hargrove, while Darryl Joe was brandishing a firearm; and

three, that the motor vehicle, a black Land Rover Discovery, had been transported in interstate commerce.

If the government fails to prove any one of these elements beyond a reasonable doubt, you must acquit Darryl Joe of that count.

**Request No. 14 Elements of Court Four 18 U.S.C.924 ( c ) and 2**

You must find Darryl Joe not guilty unless the government has established beyond a reasonable doubt each of the following elements:

first, that on or about July 14, 2007 in the Southern District of New York, Darryl Joe, together with other, knowingly and intentionally and in relation to a crime of violence, (Count Three), did use and carry a firearm; and

two, in furtherance of such crime, did knowingly possess and brandish a firearm, during the course of the carjacking described in Count Three.

If the government fails to prove any one of these elements beyond a reasonable doubt, you must acquit Darryl Joe of that count.

**_____Legal Issues To Be Resolved Before the Commencement of Trial**

      In the review of the 3500 material disclosed by the Government on Friday July 18, 2008, it is apparent that there exist exculpatory statements made by the defendant that have never been noticed. Counsel seeks information concerning the circumstances surrounding the taking of these statements, the identity of the law enforcement officer who took the statement, and all police reports associated with the taking of the statement. Additionally, there are vouchers detailing property seized in relation to Darryl Joe's arrest which have not been disclosed. It is my understanding these vouchers will be provided to the defense on Monday July 21, 2008. Last, based on conversations with AUSA Maiman the defense is awaiting information pertaining to the issuance of a summons for gambling issued by Police Officer Polete at or near the time of the incident for which the defendant stands accused. I believe all outstanding issues can be successfully resolved on or before Tuesday, July 22, 2008.

.

                                                       Sincerely,

                                                       Kelley J. Sharkey
                                                       26 Court St.
                                                       Suite 2805
                                                       Brooklyn, New York 11242