UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,      :
                          S1 07 Cr. 734 (JFK)
        - v. -           :

DARRYL JOE,                :

          Defendant.      :

- - - - - - - - - - - - - - - - - -X

## GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

                                 MICHAEL J. GARCIA
                                 United States Attorney for the
                                 Southern District of New York,
                                 Attorney for the United States
                                    of America

MICHAEL D. MAIMIN
PARVIN MOYNE
Assistant United States Attorneys
        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,              :
                                                    S1 07 Cr. 734 (JFK)
          - v. -                       :

DARRYL JOE,                            :

          Defendant.                   :

- - - - - - - - - - - - - - - - - -X


<u>GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>

          Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the Jury.

TABLE OF CONTENTS

PAGE

1.  General Requests.. . . . . . . . . . . . . . . . . . 1

2.  Summary Of The Indictment. . . . . . . . . . . . . . 2

3.  Multiple Counts. . . . . . . . . . . . . . . . . . . 4

4.  Count One: Possession Of A Firearm By A Convicted Felon -
    The Indictment.. . . . . . . . . . . . . . . . . . . 5

5.  Count One: Possession Of A Firearm By A Convicted Felon -
    Purpose Of The Statute.. . . . . . . . . . . . . . . 7

6.  Count One: Possession Of A Firearm By A Convicted Felon -
    Elements Of The Offense. . . . . . . . . . . . . . . 9

7.  Count One: Possession of A Firearm By A Convicted Felon -
    First Element -- Defendant's Prior Conviction. . . . . . 10

8.  Count One: Possession Of A Firearm By A Convicted Felon -
    Second Element -- "Knowingly Possessed". . . . . . . . 12

9.  Count One: Possession Of A Firearm By A Convicted Felon -
    Third Element -- "In Or Affecting Interstate or Foreign
    Commerce". . . . . . . . . . . . . . . . . . . . . . 15

10. Count Two: Possession Of Unregistered Firearm - Purpose
    Of The Statute.. . . . . . . . . . . . . . . . . . . 17

11. Count Two: Possession Of Unregistered Firearm - Elements
    of the Offense.. . . . . . . . . . . . . . . . . . . 19

12. Count Two: Possession Of Unregistered Firearm - First
    Element - Possession of a Firearm. . . . . . . . . . . 20

13. Count Two: Possession Of Unregistered Firearm - Second
    Element - Knowing Possession.. . . . . . . . . . . . 21

14. Count Two: Possession Of Unregistered Firearm - Third
    Element - Firearm Was Not Registered to Defendant. . . . 22

15. Count Three: Carjacking - The Indictment & The Statute.. 23

16. Count Three: Carjacking - The Elements.. . . . . . . . 24

i

17.  Count Three: Carjacking - First Element: Taking a Motor
     Vehicle From Another.. . . . . . . . . . . . . . . . .  25

18.  Count Three: Carjacking - Second Element:  Use of Force
     and Violence or Intimidation.. . . . . . . . . . . . .  26

19.  Count Three: Carjacking - Third Element:  Intent to Cause
     Death or Serious Bodily Injury.. . . . . . . . . . . .  28

20.  Count Three: Carjacking - Fourth Element:  Motor Vehicle
     Had Traveled in Interstate Commerce. . . . . . . . . .  30

21.  Count Four: Using Firearm During and in Relation to Crime
     of Violence: The Indictment and the Statute. . . . . .  32

22.  Count Four:  Using Or Carrying A Firearm
     During A Crime Of Violence -- The Elements.. . . . . .  33

23.  Count Four:  First Element - Using, Carrying Possessing
     . . . . . . . . . . . . . . . . . . . . . . . . . . .  34

24.  Count Four: Second Element –
     In Furtherance Of A Certain Crime. . . . . . . . . . .  37

25.  Count Four: Third Element - Knowledge. . . . . . . . .  38

26.  Count Four: Special Interrogatory on Brandishing.. . .  39

27.  Count Four: Aiding and Abetting. . . . . . . . . . . .  40

28.  Venue. . . . . . . . . . . . . . . . . . . . . . . . .  44

29.  Particular Investigative Techniques Not Required.. . .  45

30.  Law Enforcement And Government Employee Witnesses. . .  46

31.  Use Of Evidence Obtained At Time Of Arrest.. . . . . .  47

32.  Defendant's Testimony. . . . . . . . . . . . . . . . .  48

33.  Defendant's Right Not To Testify.. . . . . . . . . . .  49

34.  Preparation Of Witnesses.. . . . . . . . . . . . . . .  50

35.  Variance In Dates. . . . . . . . . . . . . . . . . . .  51

36.  Uncalled Witness -- Equally Available to Both Sides. .  52

ii

37.   Sympathy:  Oath as Jurors. . . . . . . . . . . . . . .  54

38.   Punishment Not to be Considered by the Jury. . . . . .  55

39.   Conclusion.. . . . . . . . . . . . . . . . . . . . . .  56

## **REQUEST NO. 1**

## **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment not Evidence

c.   Statements of Court and Counsel not Evidence

d.   Rulings on Evidence and Objections

e.   Burden of Proof and Presumption of Innocence

f.   Reasonable Doubt

g.   Government Treated Like Any Other Party

h.   Definitions and Examples of Direct and Circumstantial Evidence

i.   Credibility of Witnesses

j.   Interest in Outcome

k.   Inferences

l.   Right to See Exhibits and Have Testimony Read During Deliberations

m.   Sympathy:  Oath as Jurors

n.   Punishment Is Not to Be Considered by the Jury

o.   Verdict of Guilt or Innocence Must be Unanimous

p.   Stipulations

## REQUEST NO. 2

### Summary Of The Indictment

The defendant, DARRYL JOE, is charged in a four-count Indictment.  I will briefly summarize the four counts in the Indictment, and then I will explain in detail the elements of each of the counts.

Count One of the Indictment charges that on or about July 14, 2007, DARRYL JOE, after having been convicted in a court of a felony, knowingly possesse a firearm and ammunition that previously had been shipped and transported in interstate commerce.

Count Two of the Indictment charges that, on or about July 14, 2007, DARRYL JOE knowingly possessed a shotgun, the barrel length of which was less than 16 inches, which was not registered to him in the National Firearms Registration and Transfer Record.

Count Three of the Indictment charges that, on or about July 14, 2007, DARRYL JOE knowingly took a motor vehicle that previously had been shipped and transported in interstate commerce from the person and presence of another by force and violence and by intimidation, with the intent to cause death and serious bodily harm.

Count Four of the Indictment charges that, on or about July 14, 2007, DARRYL JOE knowingly used, carried,

2

possessed and brandished a firearm in furtherance of the
crime charged in Count Three, and aided and abetted
another's use, carrying, possession and brandishing of a
firearm in furtherance of the crime charged in Count Three.
As I instructed you earlier, the Indictment is a charge or
accusation.  It is not evidence.

**REQUEST NO. 3**

**Multiple Counts**

As I just indicated, the Indictment contains a total of four counts. Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate verdict on each count. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3-6 (2007).

4

### REQUEST NO. 4

## Count One: Possession Of A Firearm By A Convicted Felon - The Indictment

Count One of the Indictment charges the defendant, DARRYL JOE, with a violation of the federal firearms statutes. Specifically, Count One charges that, on or about July 14, 2007, in the Southern District of New York, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, the defendant unlawfully, willfully, and knowingly did possess in and affecting commerce, a firearm and ammunition, to wit, a Remington 870 Express shotgun, Remington Peters 12 Gauge rounds, and Winchester 12 Gauge rounds, which previously had been shipped and transported in interstate and foreign commerce.

The relevant statute for this charge is Title 18, United States Code, Section 922(g)(1). Title 18, United States Code, Section 922(g)(1) provides, in relevant part, that it is a crime for a person:

> who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, . . . to . . . possess in or affecting commerce, any . . . firearm or ammunition . . . .

Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-45, the charge of Hon. Colleen McMahon in United States v. Watson, 03 Cr. 136 (S.D.N.Y. July 30, 2003), the charge of Hon.

5

Kevin T. Duffy in <u>United States</u> v. <u>Ogarro</u>, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and the charge of Hon. Kevin T. Duffy in <u>United States</u> v. <u>Burnett</u>, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

---

### REQUEST NO. 5

### Count One: Possession Of A Firearm By A Convicted Felon - Purpose Of The Statute

A word about this law in general.  Congress was of the view that the ease with which persons, including criminals, were able to acquire firearms or ammunition was a significant factor in the prevalence of violent crime in the United States, and that federal control over gun dealers and the restriction of the distribution of firearms and ammunition would be helpful to state and local authorities in addressing this problem. Accordingly, Congress passed a series of laws designed to give support to federal, state and local law enforcement officials in combating crime and violence.  In general, these laws include provisions which prohibit certain categories of people from possessing or receiving firearms and/or ammunition which were shipped in interstate or foreign commerce.

The Government contends that DARRYL JOE was within a category of people prohibited from possessing any firearm or ammunition shipped in interstate or foreign commerce because he previously had been convicted of a felony, that is, a crime punishable by more than a year in jail.

In your role as jurors, you are not to be concerned with the wisdom or the policy of these laws.  Your

7

verdict may not be based on your personal approval or

disapproval of these laws or of Congress's views or intent.

> Adapted from Sand, <u>Modern Federal Jury</u>
> <u>Instructions</u>, Instr. 35-46, and the charge of Hon.
> Edward Weinfeld in <u>United</u> <u>States</u> v. <u>Squires</u>, 69
> Cr. 911 (S.D.N.Y. 1969).

<u>**REQUEST NO. 6**</u>

**Count One: Possession Of A Firearm By A Convicted Felon -
Elements Of The Offense**

In order to sustain its burden of proof on Count One, the Government must prove each of the following three elements beyond a reasonable doubt:

<u>First</u>, that the defendant, DARRYL JOE, previously was convicted of a crime punishable by imprisonment for a term exceeding one year, or in other words, a felony;

<u>Second</u>, that on or about July 14, 2007, DARRYL JOE knowingly possessed a firearm or ammunition; and

<u>Third</u>, that the defendant's possession of the firearm or ammunition was in or affecting interstate or foreign commerce.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-47, and the charge of Hon. Kevin T. Duffy in <u>United States</u> v. <u>Ogarro</u>, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and the charge of Hon. Kevin T. Duffy in <u>United States</u> v. <u>Burnett</u>, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

9

<u>**REQUEST NO. 7**</u>

**Count One: Possession of A Firearm By A Convicted Felon -
<u>First Element -- Defendant's Prior Conviction</u>**

The first element the Government must prove beyond a reasonable doubt is that the defendant, DARRYL JOE, had been convicted of a crime punishable by imprisonment for a term exceeding one year – that is, a felony – in a court of the United States or any State prior to the date he is charged with possessing the firearm and ammunition.

To satisfy the first element, you need only find beyond a reasonable doubt that DARRYL JOE was, in fact, convicted of such a crime and that the conviction was prior to the possession of the firearm as charged in the Indictment. The Government need not prove that the defendant knew that his prior conviction was punishable by a term of imprisonment for a term exceeding one year, nor is it necessary for the defendant to have been sentenced to imprisonment for more than one year. A plea of guilty has the same consequences as a conviction after trial.

In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the defendant was convicted in a New York State court of a felony punishable by imprisonment for a term exceeding one year. The parties have also agreed, by Stipulation, that

10

this conviction occurred prior to the time that the defendant is alleged to have possessed the firearm and ammunition as charged in the Indictment.  As I instructed you earlier, a stipulation is an agreement among the parties that certain facts are true.  In such cases, you must accept those facts as true.

I instruct you that the prior conviction that is an element of the offense is only to be considered by you for the fact that it exists and nothing else.  You are not to consider it for any other purpose.  You may not consider the prior conviction in deciding whether the defendant was in knowing possession of the firearm or ammunition as charged in the Indictment.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-48, and the charge of Hon. Kevin T. Duffy in United States v. Ogarro, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and the charge of Hon. Kevin T. Duffy in United States v. Burnett, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

11

<u>**REQUEST NO. 8**</u>

**Count One: Possession Of A Firearm By A Convicted Felon -**
<u>**Second Element -- "Knowingly Possessed"**</u>

The second element that the Government must prove beyond a reasonable doubt is that on or about July 14, 2007, DARRYL JOE knowingly possessed a firearm or ammunition.

<u>"Firearm" Defined</u>

A firearm is any device that will, or is designed to, or may be readily converted to, expel a projectile by the action of an explosive, or the frame or receiver of any such weapon.  Common sense will tell you that a gun meets the statutory definition of a firearm.

It does not matter whether the gun was operable at the time the defendant possessed it.

<u>See</u> 18 U.S.C. § 921(a)(3)(A).

<u>"Ammunition" Defined</u>

Ammunition means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

<u>See</u> 18 U.S.C. § 921(a)(17)(A).

<u>"Possession" Defined</u>

What is meant by possession?  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is

12

what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen. If you find that the defendant had the firearm or ammunition on his person, therefore, you may find that he had possession of it. However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article. This is called "constructive possession."

Additionally, ownership is not required for possession, whether it be actual or constructive.

Possession can also be sole or joint. If one person alone possesses a firearm, that is sole possession. It is possible, however, that more than one person may have the power and intention to exercise control over the firearm. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the firearm under this element even if he possessed it jointly with another.

In considering the specific element of whether the

13

defendant possessed a firearm, it does not matter whether the firearm was loaded or operable at the time of the crime.

"Knowingly" Defined

You must also find that the defendant knowingly possessed the firearm or ammunition.  This means that the defendant possessed the firearm or ammunition purposely and voluntarily, and not by accident or mistake.  It also means that he knew that the firearm was a "firearm," as we commonly use that term, or that he knew that the ammunition was "ammunition."  However, the Government is not required to prove that the defendant knew he was breaking the law. It is sufficient if the defendant knowingly possessed the firearm and/or ammunition voluntarily, not by accident or mistake.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-49, the charge of Hon. Colleen McMahon in United States v. Watson, 03 Cr. 136 (S.D.N.Y. July 30, 2003), the charge of Hon. Loretta A. Preska in United States v. Gregg, 01 Cr. 501 (S.D.N.Y. January 31, 2003), the charge of Hon. Kevin T. Duffy in United States v. Ogarro, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and the charge of Hon. Kevin T. Duffy in United States v. Burnett, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

14

<u>REQUEST NO. 9</u>

## Count One: Possession Of A Firearm By A Convicted Felon - <u>Third Element -- "In Or Affecting Interstate or Foreign Commerce"</u>

The third element that the Government must prove beyond a reasonable doubt is that the firearm and/or ammunition that DARRYL JOE is charged with possessing was in or affecting interstate or foreign commerce.

This means that the Government must prove that at some time prior to the defendant's possession, the firearm and/or ammunition had traveled in interstate or foreign commerce. In this regard, it is sufficient for the Government to satisfy this element by proving that at some time prior to July 14, 2007, the firearm and/or ammunition moved over a state line or the United States border. For example, if the firearm came from Connecticut to New York, or from Nevada to New York, then it was transported or shipped in interstate commerce. If the firearm came from Brazil to New York, it was transported or shipped in foreign commerce.

The Government need <u>not</u> prove that the defendant himself carried the firearm or ammunition across a state line or the United States border, nor must the Government prove who carried it across or how it was transported. It is also not necessary for the Government to prove that the

15

defendant knew that the firearm or ammunition had previously crossed a state or national border.  All the Government needs to prove is that the firearm and/or ammunition did so at some point before the defendant possessed it.

In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the firearm and the ammunition that DARRYL JOE is charged with possessing was in or affecting interstate or foreign commerce.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 35-50.  See United States v.
> Sanders, 35 F.3d 61, 62 (2d Cir.), cert. denied,
> 513 U.S. 994 (1994).

## REQUEST NO. 10

### Count Two: Possession Of Unregistered Firearm - Purpose Of The Statute

The National Firearms Act provides for a central registry of certain classes of firearms in the United States which are not under the control of the government. This central registry is called the National Firearms Registration and Transfer Record.

The information in this registry includes identification of each firearm (usually by a serial number), the date of its registration, and the name and address of the person who is entitled to possess the firearm. It is required that each maker or importer of firearms shall register in the National Firearms Registration and Transfer Record each firearm he makes or imports.

It is also required that whenever a firearm is transferred, the person who transfers it must register the firearm in the registry to the person to whom it is being transferred. In order to accomplish this the transferor must file with the United States Treasury Department, Bureau of Alcohol, Tobacco and Firearms an application for the transfer and registration of the Firearm to that person. The application includes, among other things, the finger-prints and photograph of the person receiving the firearm. If the

17

transfer is authorized in writing by the Bureau of Alcohol,

Tobacco and Firearms, that authorization effects the

registration of the firearm.

       Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u>
<u>Instructions</u>, Instr. 35-86.

**REQUEST NO. 11**

**Count Two: Possession Of Unregistered Firearm -
Elements of the Offense**

The government must prove each of the following elements beyond a reasonable doubt in order to convict:

First, that on or about the date alleged in the indictment, the defendant had possession of a firearm;

Second, that the defendant had knowledge that what he was possessing was a firearm; and

Third, that this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-50. See United States v. Freed, 401 U.S. 601 (1971).

19

<u>REQUEST NO. 12</u>

**Count Two: Possession Of Unregistered Firearm -**
**<u>First Element - Possession of a Firearm</u>**

The first element which the government must prove beyond a reasonable doubt is that the defendant did, in fact, have possession of the firearm in question.

Under section 5861(d), the term "firearm" has a very specific meaning that is narrower than the definitions of a firearm for Counts One and Four. For this Count, the government must prove that the object the defendant possessed was a shotgun having a barrel of less than 18 inches in length or a weapon made from a shotgun of such weapon as modified has a barrel or barrels of less than 18 inches in length.

In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the firearm that DARRYL JOE is charged with possessing was a shotgun having a barrel of less than 16 inches in length.

I have already defined possession, and the concept of "constructive possession" to you with respect to Count One. Possession has the same meaning here.

> Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u>
> <u>Instructions</u>, Instr. 35-50. <u>See also</u>, Title 26,
> United States Code, Sections 5845(a)(1)&(2).

<u>**REQUEST NO. 13**</u>

**Count Two: Possession Of Unregistered Firearm -
<u>Second Element - Knowing Possession</u>**

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed the firearm.

A person is knowingly in possession if his possession occurs voluntarily and intentionally and not because of mistake or accident. The defendant may not be convicted of possession of a firearm if he did not intend to possess it.

In addition, the government must prove that the defendant knew that the device he possessed had all of the characteristics which make it subject to regulation as a firearm as I just defined that term for you.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-50.  <u>See</u>, <u>Staples</u> v. <u>United States</u>, 511 U.S. 600 (1994).

21

## REQUEST NO. 14

### Count Two: Possession Of Unregistered Firearm -
### Third Element - Firearm Was Not Registered to Defendant

The third element which the government must prove beyond a reasonable doubt is that the firearm in question was not registered to the defendant in the National Firearms Registration and Transfer Record.

In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the firearm that DARRYL JOE is charged with possessing was not registered to the defendant in the National Firearms Registration and Transfer Record.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-50. See, Staples v. United States, 511 U.S. 600 (1994).

22

**REQUEST NO. 15**

**Count Three: Carjacking - The Indictment & The Statute**

The indictment charges that, on or about July 14, 2007, in the Southern District of New York, DARRYL JOE, the defendant, unlawfully, willfully, knowingly, and with the intent to cause death and serious bodily harm, did take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation.

The relevant statute for this charge is Section 2119 of Title 18 of the United States Code.  Section 2119 provides in part that:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation [is guilty of a crime].

This crime is sometimes referred to as "carjacking."

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 53A-1.

23

## REQUEST NO. 16

### Count Three: Carjacking - The Elements

In order to prove that the defendant, DARRYL JOE, guilty of carjacking, the government must establish beyond a reasonable doubt each of the following elements of the offense.

First, that the defendant took a motor vehicle from the person or presence of another;

Second, that the defendant took the vehicle by using force and violence or by acting in an intimidating manner;

Third, that the defendant acted with intent to cause death or serious bodily harm; and

Fourth, that the motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 53A-2. See Jones v. United States, 526 U.S. 227 (1999) (finding that 18 U.S.C. § 2119 (1) - (3) establishes three separate offenses, "each of which must be charged by an indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict.")

24

## REQUEST NO. 17

## Count Three: Carjacking - First Element: Taking a Motor Vehicle From Another

The first element the government must establish beyond a reasonable doubt is that defendant, DARRYL JOE, took a motor vehicle from the person or presence of another. To take a motor vehicle means to acquire possession or control of the vehicle for a period of time. The government does not have to prove that the defendant intended to permanently deprive the owner of possession of the vehicle. Also, the government does not have to prove that the victim was forced to leave the vehicle as long as it proves that the defendant had control of the situation.

To prove that the defendant took the vehicle from the person or presence of another, the government must prove that the victim was sufficiently within reach, inspection or observation of the vehicle that he could have retained his possession of it if not overcome by violence or prevented by fear.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 53A-3. See United States v. Burns, 701 F.2d 840 (9th Cir. 1983), cert. denied, 462 U.S. 1137 (1983)(defining "person or presence").

25

**REQUEST NO. 18**

**Count Three: Carjacking - Second Element:  Use of Force and Violence or Intimidation**

The second element the government must prove beyond a reasonable doubt is that the defendant, DARRYL JOE, took the vehicle from another person by using force and violence or by acting in an intimidating manner. The government can meet its burden on this element either by proving that the defendant used force and violence or that the defendant acted in an intimidating manner. The government does not have to prove that the defendant used force and violence if it proves that the defendant acted in an intimidating manner.

The phrase "intimidating manner" means that the defendant did or said something that would make an ordinary reasonable person fear bodily harm. Your focus should be on the defendant's behavior. The government does not have to prove that the defendant's behavior caused or could have caused great terror or panic, but it must show that an ordinary person would have feared bodily harm because of defendant's behavior. The government also does not have to prove that the defendant made explicit threats of bodily harm. If you find that the defendant confronted another person in such a way that it would reasonably create a fear

26

of bodily harm, that is sufficient.

Evidence that an unusually timid victim was actually intimidated by the defendant's conduct is not, by itself, proof that the defendant engaged in intimidating conduct, although you may take evidence that the victim was actually placed in fear of bodily harm as evidence of how a reasonable person would have reacted. The government must prove, beyond a reasonable doubt, that an ordinary person – not just the unusually timid victim – would have experienced fear of bodily harm because of what the defendant did or said.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 53A-5.

27

**REQUEST NO. 19**

**Count Three: Carjacking - Third Element:  Intent to Cause Death or Serious Bodily Injury**

The third element the government must prove beyond a reasonable doubt is that the defendant, DARRYL JOE, acted with intent to cause death or serious bodily harm.

To establish this element, the government must prove that at the moment the defendant demanded or took control over the vehicle, the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car or for any other reason.

Evidence that the defendant intended to frighten the victims is not sufficient by itself to prove an intent to harm or kill. It is, however, one of the facts you may consider in determining whether the government has met its burden.

In some cases, intent is conditional.  That is, a defendant may intend to engage in certain conduct only if a certain event occurs. In this case, the government contends that the defendant intended to cause death or serious bodily harm if the victim had refused to turn over his car. If you find beyond a reasonable doubt that the defendant had such an intent, the government has satisfied this element of the offense.

28

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 53A-6 and the charge given by
Hon. John Gleeson in <u>United States</u> v. <u>Holloway</u>, 95
Cr. 0078 (E.D.N.Y. 1996) and approved by the
Second Circuit in <u>United States</u> v. <u>Arnold</u>, 126
F.3d 82 (2d Cir. 1997), <u>aff'd sub nom</u>, <u>Holloway</u> v.
<u>United States</u>, 526 U.S. 1 (1999) (approving
conditional intent jury charge as consistent with
18 U.S.C. § 2119).

**REQUEST NO. 20**

**Count Three: Carjacking - Fourth Element:  Motor Vehicle Had
Traveled in Interstate Commerce**

The fourth element the government must prove
beyond a reasonable doubt is that the motor vehicle had
previously been transported, shipped, or received in
interstate or foreign commerce.

This requires the government to prove that at any
time in the past the vehicle had been shipped, driven or
transported between one state and another (or the District
of Columbia) or between the United States and a foreign
country.

It is not necessary that the government prove that
the defendant had any involvement in the interstate
shipping, driving or transportation of the vehicle.  The
government also need not prove that the defendant knew that
the vehicle had previously been shipped, driven or
transported in interstate commerce.

In this regard, you have heard evidence in the
form of a stipulation, or agreement by both sides, that the
Land Rover Discovery vehicle that the defendant is charged
with carjacking was manufactured outside the state of New
York.

30

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 53A-7.  See United States v.
Taylor, 226 F.3d 593 (7th Cir. 2000) (§ 2119
jurisdictional element requires government to
prove that the vehicle moved in interstate
commerce at some time).

**REQUEST NO. 21**

**Count Four: Using Firearm During and in Relation to Crime of Violence: The Indictment and the Statute**

Count Four charges that, on or about July 14, 2007, the defendant used or carried a firearm during and in relation to a crime of violence, specifically the carjacking charged in Count Three of the Indictment, or possessed a firearm in furtherance of that crime.  Count Four also charges the defendant with brandishing a firearm, and with what is called "aiding and abetting," both of which I will speak about in a moment.

First, I will read the Indictment to you. [The Court is respectfully requested to read Count Four.]

The relevant statute is Section 924(c) of the Federal Criminal Code.  That provision makes it a crime for any person, "during and in relation to any crime of violence . . . [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm."  Count Four is to be considered only if you first find the defendant guilty of Count Three.

> Adapted from the charge of Judge Peter K. Leisure in United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom., United States v. Meggett, 875 F.2d 24 (2d Cir.) (specifically approving charge), cert. denied, 493 U.S. 858 (1989), and from Sand, Modern Federal Jury Instructions, Instr. 35-76.

## REQUEST NO. 22

### Count Four:  Using Or Carrying A Firearm During A Crime Of Violence -- The Elements

The elements of this crime are as follows:

First, that, on or about July 14, 2007, the defendant, DARRYL JOE, either used or carried or possessed a firearm;

Second, that the defendant used or carried the firearm during and in relation to a crime of violence for which he may be prosecuted in a Court of the United States, or the defendant possessed the firearm in furtherance of such a crime; and

Third, that the defendant acted unlawfully, willfully and knowingly.

> Adapted from charge given in United States v. Luis Felipe Germosa and Dario Garcia, S1 95 Cr. 486 (SWK); see also United States v. Jeffrey Otis Redden, 02 Cr. 1141 (LAK) (S.D.N.Y. July 27, 2004); United States v. Bradley, S 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom. United States v. Meggett, 875 F.2d 24 (2d Cir.) (specifically approving charge), cert. denied, 493 U.S. 858 (1989); Sand et al., Modern Federal Jury Instructions, Instr. 35-78.

33

## REQUEST NO. 23

## Count Four:  First Element - Using, Carrying Possessing

The first element that the Government must prove beyond a reasonable doubt with respect to Count Four is that the defendant, DARRYL JOE, used, carried or possessed a firearm.

"Firearm"

As I have already instructed you with respect to Count One, a firearm is any device that will, or is designed to, or may be readily converted to, expel a projectile by the action of an explosive, or the frame or receiver of any such weapon.  Common sense will tell you that a gun meets the statutory definition of a firearm.

It does not matter whether the gun was operable at the time the defendant possessed it.

"Use"

"Use" of a firearm requires an "active employment" of the firearm by the person.  This does not mean that the defendant must have actually have fired or attempted to fire the weapon, although those would obviously constitute use of the weapon.  Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm.  The mere possession of a firearm at or near

34

the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

"Carry"

A person "carries" a firearm if he transports or conveys the weapon, or has possession of it in the sense that, at a given time, he had both the power and intention to exercise control over it so that it was available in such a way that it furthered the commission of a crime of violence. The defendant did not necessarily have to hold the firearm physically, that is, to have actual possession of it on his person. If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and the intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the crime of violence, you may find that the government has proved that he carried the weapon.

"Possess"

Possession of a firearm in furtherance of a crime of violence requires that the defendant possess, or aid and abet the possession of, a firearm and that the possession advance or move forward the crime. The mere presence of a firearm is not enough. Possession in furtherance requires

35

that the possession be incident to and an essential part of
the crime.  The firearm must have played some part in
furthering the crime in order for this element to be
satisfied.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 35-80 (1999) and from the
> charge of the Judge Lewis A. Kaplan in <u>United
> States</u> v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141, and
> from the charge of Judge Denise Cote in <u>United
> States</u> v. <u>Joel Lopez</u>, 03 Cr. 1102 (DLC).

## REQUEST NO. 24

## Count Four: Second Element – In Furtherance Of A Certain Crime

The second element that the Government must prove beyond a reasonable doubt with respect to Count Four is that the defendant used or carried the firearm during and in relation to the commission of a crime of violence for which the defendant might be prosecuted in a court of the United States, or that the defendant possessed a firearm in furtherance of such a crime.

Thus, in order to convict the defendant of Count Four, you must find that he committed the crime of violence charged in Count Three.  I have already described that crime for you.  Let me instruct you that the crime charged in Count Three - namely, carjacking - is a crime of violence for which a person may be prosecuted in a court of the United States.

> Adapted from the charge of Judge Peter K. Leisure in United States v. Bradley, 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom. United States v. Meggett, 875 F.2d 24 (2d Cir.) (specifically approving charge), cert. denied, 493 U.S. 858 (1989), and from Sand, Modern Federal Jury Instructions, Instr. 35-79.

37

## REQUEST NO. 25

### Count Four: Third Element - Knowledge

The third element the Government must prove beyond a reasonable doubt is that the defendant, DARRYL JOE, acted "unlawfully, willfully, and knowingly."

"Unlawfully" simply means contrary to law. The defendant need not have known that he was breaking any particular law or any particular rule. He need only have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully. That is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

## REQUEST NO. 26

## Count Four: Special Interrogatory on Brandishing

You heard me mention that Count Four also charges the defendant with brandishing a firearm on or about July 14, 2007. To "brandish" a firearm means to display all or part of the firearm, or to otherwise make the presence of the firearm known to another person in order to intimidate that person. Whether the firearm was brandished is not an element of the crime charged. Rather, if you find that the Government has proven the other elements of Count Four that I described earlier, then you must find the defendant guilty. Then, and only then, should you reach the issue of whether the firearm was brandished. You will notice that there is a special question on your verdict form asking whether you also find, beyond a reasonable doubt, that the firearm was brandished.

See Harris v. United States, 122 S. Ct. 2406 (2002).

39

## REQUEST NO. 27

### Count Four: Aiding and Abetting

As I have mentioned, in Count Four the defendant DARRYL JOE, is also charged with what is called "aiding and abetting." As to Count Four, therefore, you may convict the defendant if <u>either</u> (1) he committed the crime of using or carrying a firearm during and in relation to a crime of violence, or possessing a firearm in furtherance of a crime of violence, <u>or</u> (2) he aided and abetted another in the use or carrying of a firearm during and in relation to a crime of violence, or possession of a firearm in relation to a crime of violence. Please keep this in mind when you deliberate on Count Four. Please also keep in mind the concept of aiding and abetting, which I will explain to you now.

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt

40

that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated himself with the crime charged in Count Four, the government must establish that the defendant knew that a gun would be used or carried during the commission of a crime of violence, or possessed in furtherance of the commission of a crime of violence.  The Government must also prove that the defendant facilitated or encouraged the use, carrying or possession of that weapon in some way.

41

To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

42

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

> Adapted from charge given in United States v. Omar Portee, et al., S6 01 Cr. 450 (NRB), at 7190-93; charge of Judge Robert L. Carter in United States v. Ramirez, S17 98 Cr. 438 (RLC) (S.D.N.Y. 2000) and from Sand et al., Modern Federal Jury Instructions, Instrs. 11-1, 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977). See United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir.) (same), cert. denied, 454 U.S. 820 (1981).

**REQUEST NO. 28**

**Venue**

In addition to all of the elements I have described for you, you must also decide whether the crime charged, or any act committed to further or promote the crime, occurred within the Southern District of New York. This requirement is called "venue." In this connection, I instruct you that the Bronx is part of the Southern District of New York.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand, et al., Modern Federal Jury Instructions, Instr. 3-11; see 18 U.S.C. § 3237 (general venue provision for offenses committed in more than one district). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

44

## REQUEST NO. 29

### Particular Investigative Techniques Not Required

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement that the Government prove its case through any particular means. While you are to consider carefully the evidence adduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Hon. John F. Keenan in United States v. Medina, 912 Cr. 894 (JFK) (S.D.N.Y. 1992).

45

## REQUEST NO. 30

## Law Enforcement And Government Employee Witnesses

You have heard the testimony of law enforcement officials and of employees of the Government.  The fact that a witness may be employed by the Federal Government, or New York City, as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, et al., Modern Federal
Jury Instructions, Instr. 7-16.

46

**REQUEST NO. 31**

**Use Of Evidence Obtained At Time Of Arrest**

You have heard testimony that the police apprehended the defendant, and that the police seized evidence at that time. The evidence allegedly obtained at this time was properly admitted in this case and may properly be considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations.

Therefore, regardless of your personal opinions, you may give this evidence full consideration, along with all the other evidence in the case, in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of Hon. Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

47

## REQUEST NO. 32

## Defendant's Testimony
## [Requested Only If Defendant Testifies]

The defendant has taken the witness stand.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-4.  See United States v. Gaines, 2006 U.S. App. LEXIS 18289, at *27 (2d Cir. July 20, 2006) (citing the Sand charge approvingly).

48

**REQUEST NO. 33**

**Defendant's Right Not To Testify**
**[If Requested By Defense]**

      The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

      You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

                Sand et al., Modern Federal Jury
                Instructions, Instr. 5-21.

49

## REQUEST NO. 34

## Preparation Of Witnesses
## [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

50

**REQUEST NO. 35**

**Variance In Dates**

It does not matter if the Indictment alleges that a specific act occurred on or about a certain date and the testimony indicates that in fact it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony. The same goes for most of the other factual contentions in the Indictment.

Adapted from the charges of Judge Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972); of Judge Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974); and of Judge Owen in United States v. Lofland, 75 Cr. 769 (S.D.N.Y. 1975).

**REQUEST NO. 36**

**Uncalled Witness -- Equally Available to Both Sides**
**[If Applicable]**

Both the Government and the defendant, DARRYL JOE, have

the same power to subpoena witnesses to testify on their behalf.

If a potential witness could have been called by the Government

or by the defendant and neither called the witness, then you may

draw the conclusion that the testimony of the absent witness

might have been unfavorable to the Government or to the defendant

or to both.

On the other hand, it is equally within your province

to draw no inference at all from the failure of either side to

call a witness.

You should remember that there is no duty on either

side to call a witness whose testimony would be merely cumulative

of testimony already in evidence, or who would merely provide

additional testimony to facts already in evidence.

> Adapted from the charge of Judge Kenneth
> Conboy in United States v. Lew, 91 Cr.. 361
> (KC) (S.D.N.Y. 1991) and from L. Sand, Modern
> Federal Jury Instructions, Instr. 6-7.  See
> generally United States v. Ebb, 543 F.2d 438,
> 444 (2d Cir.) (discussing propriety of
> missing witness charges), cert. denied, 429
> U.S. 981 (1976).

> "[W]hen a witness is equally available to both
> sides, 'the failure to produce is open to an
> inference against both parties.'  No instruction
> is necessary where the unpresented testimony would
> be merely cumulative." United States v. Torres,

845 F.2d 1165, 1169 (2d Cir. 1988) (citations omitted) (emphasis in original); <u>see</u> <u>also</u> <u>United States</u> v. <u>Nichols</u>, 912 F.2d 598, 601 (2d Cir. 1990) (whether to give charge is committed to discretion of trial judge; generally discussing applicable standards).

**REQUEST NO. 37**

**Sympathy:  Oath as Jurors**

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to determine the guilt or innocence of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

> Adapted from 1 Sand <u>Modern Federal Jury Instructions</u>, Instr. 2-12 and from the charge of the Honorable Irving Kaufman in <u>United States</u> v. <u>Davis</u>, <u>aff'd</u>, 353 F.2d 614 (2d Cir. 1965), <u>cert</u>. <u>denied</u>, 384 U.S. 953 (1966).

**REQUEST NO. 38**

**Punishment Not to be Considered by the Jury**

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon the defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations.  The duty of imposing sentence is mine and mine alone.  Your function is to weigh the evidence and to determine whether the defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

Adapted from the charges of the Honorable
Vincent L. Broderick in United States v.
Drucker (S.D.N.Y.), Tr. 3151; the Honorable
Edward Weinfeld in United States v. Bruswitz,
aff'd, 219 F.2d 59, 62-63 (2d Cir.), cert.
denied, 349 U.S. 913 (1955); and the
Honorable Harold L. Tyler in United States v.
Natelli, 74 Cr. 43 (S.D.N.Y. 1974), Tr. 2379-
80, aff'd, 527 F.2d 311 (2d Cir.), cert.
denied, 425 U.S. 934 (1975).

55

**REQUEST NO. 39**

**Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the sole charge of the indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973). <u>See also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:     New York, New York
           July 21 2008

                         Respectfully submitted,

                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                         of America


                    By:  ____/s/_____
                         MICHAEL D. MAIMIN
                         PARVIN MOYNE
                         Assistant United States Attorneys