**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------X
UNITED STATES OF AMERICA,              :      07 Cr. 734 (JFK)

    -against-                        :      **OPINION & ORDER**

DARRYL JOE,                            :

       Defendant.                  :
-------------------------------------X


APPEARANCES:

       For the United States of America:

           MICHAEL J. GARCIA
           United States Attorney for the
           Southern District of New York
           New York, New York
           Of Counsel:    Michael D. Maimin, Esq.
                       Assistant United States Attorney


       For the Defendant:

           KELLEY J. SHARKEY, Esq.
           26 Court Street, Suite 2805
           Brooklyn, New York 11232


**JOHN F. KEENAN, United States District Judge:**

**JOHN F. KEENAN, United States District Judge:**

The defendant, Darryl Joe ("Joe", or "Defendant"), is charged by superseding indictment with four counts:  being a previously-convicted felon in possession of a firearm and ammunition, in violation 18 U.S.C. § 922(g)(1) ("Count One"); possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d) ("Count Two"); carjacking, in violation of 18 U.S.C. § 2119(1) ("Count Three"); and brandishing a firearm—and aiding and abetting the brandishing of a firearm—during and in relation to a federal crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 ("Count Four").  Trial is scheduled to begin on July 22, 2008.

Before the Court is the Government's request for pretrial rulings on the admissibility of certain evidence.  The Government seeks rulings: (1) that it may introduce evidence of the facts underlying Joe's 2003 felony conviction for possession of a loaded firearm, pursuant to Federal Rule of Evidence 404(b); (2) that it may cross-examine Joe about this prior conviction if he testifies, pursuant to Federal Rule of Evidence 609(a)(1); (3) that the defense may not cross-examine the victim, Michael Hargrove ("Hargrove", or the "Victim"), about certain prior offenses; and (4) that the defense may not elicit evidence of Joe's acquittal on a felon-in-possession charge in the Southern District of New York in 2007.

The Government made these requests in a letter dated March 3, 2008 ("Govt.'s Letter").[1]  At a conference held on June 19, 2008, Joe's former court-appointed attorney moved to be relieved as counsel.  The motion was granted and Kelly Sharkey, Esq., was appointed as new counsel.  Ms. Sharkey submitted a letter in response to the Government's requests on July 9, 2008 ("Def.'s Letter").

## Background

The Government hopes to prove at trial the following, along with other facts.

On or about July 14, 2007, two armed men—one carrying a pistol and the other a shotgun—stole a car from the Victim at gunpoint.  The Victim called 911 to report the carjacking. Shortly thereafter, a police officer saw the Victim's car being driven by a man, alleged to be the Defendant, matching the description of one of the suspects.

After the police drove behind the Victim's car, the Defendant stopped the car, jumped out and ran into a building. At that time, the Defendant was wearing a blue striped shirt.  A police officer secured the Victim's car and saw a bag on the floor in the back of the car with a shotgun sticking out of it.

---

[1]  The letter is addressed to Judge Richard J. Holwell, to whom this case originally was assigned.  The case was reassigned to me on June 26, 2008.  In its March 3 letter, the Government also opposed Defendant's pro se motion to dismiss the indictment on speedy trial grounds.  At a pre-trial conference held on June 30, 2008, I issued an oral decision denying the motion.

The bag turned out to contain a sawed-off Remington shotgun and several rounds of shotgun ammunition.

Police officers entered the building and found the Defendant, out of breath and sweating, in the hallway of one of the floors.  The Defendant was unable to explain his presence in the building satisfactorily.  When the Defendant was brought outside, police officers identified him as the man they had seen run from the Victim's car into the building.  At this time, the Defendant was wearing a white undershirt.  Police officers found a blue striped shirt on the ground below a stairwell window inside the building in which they had just found the Defendant. Later, at the police station, the Victim identified the Defendant as one of the men who stole the Victim's car at gunpoint.

## Discussion

### A. Rule 404(b) evidence of Defendant's prior possession of firearms

Under Rule 404(b), evidence of uncharged acts is not admissible merely to prove the defendant's character or propensity, but is admissible for any other relevant purpose, such as to show "preparation, plan, knowledge, identity, or absence of mistake or accident" where those issues are in dispute.  Even if admissible under Rule 404(b), the evidence is subject to a Rule 403 balancing test and must be excluded if its probative value is "substantially outweighed by the danger of

unfair prejudice." Fed. R. Evid. 403; <u>United States v. Paulino</u>, 445 F.3d 211, 221 (2d Cir. 2006) (stating that the Second Circuit "has long held an inclusionary approach" to uncharged acts evidence).

The Government has offered to prove at trial that, on July 27, 2003, Joe possessed a loaded 9mm Interarms model firearm in the vicinity of 1223 Boston Post Road in the Bronx, which is near where Joe allegedly possessed the shotgun in the instant case. The Government would further prove that Joe threw to the ground a black bag containing the firearm and ran away after being observed by an NYPD officer.[2]

The Government conditions its proffer on Joe raising certain defenses at trial, either in his opening statement, on cross-examination or through the presentation of evidence. These defenses are the following: "[1] that [the Defendant] did not possess a firearm on July 14, 2007; [2] that whatever the Victim saw the Defendant carry, or saw the Defendant's cohort carry, was not a gun; and [3] that the gun recovered from the Victim's car was not the Defendant's gun or was not the

---

[2] This conduct led to the 2003 felony conviction that is charged as an element of Count One of the indictment, the 922(g)(1) count. Because the Defendant has agreed to stipulate to the fact of a prior felony conviction to sustain that element, <u>see</u> Def.'s Letter at 1, the Government may not offer evidence of the 2003 conviction for this purpose. <u>United States v. Gilliam</u>, 994 F.2d 97, 102 (2d Cir. 1993). This is a separate issue from whether the facts underlying the conviction may be admitted for some relevant purpose under Rule 404(b), or whether the conviction is admissible for impeachment under Rule 609(a)(1), discussed *infra*.

Defendant's cohort's gun, placed in the Defendant's possession."
(Govt.'s Letter at 3).    The Government contends that these
defenses would place in dispute Joe's knowledge, intent and lack
of mistake or accident with respect to the charged gun
possession, making his prior possession relevant to prove these
issues.

The first defense—denial of the gun possession—would
not place Joe's intent, knowledge, or lack of mistake or
accident into dispute.  The Government asserts that, because the
gun possession charge requires proof of knowledge and intent,
Joe's claim that he did not possess the gun would bring these
topics in issue.   But the Second Circuit has "recognized a
distinction between defense theories that claim that a defendant
did not do the charged act at all, and those that claim that the
defendant did the act innocently or mistakenly, with only the
latter truly raising a disputed issue of intent." United States
v. Colon, 880 F.2d 650, 657 (2d Cir. 1989); United States v.
Ortiz, 857 F.2d 900, 904 (2d Cir. 1988) (stating that "intent is
not placed in issue by a defense that the defendant did not do
the charged act at all").

The second anticipated defense—that the Victim did not
really see Joe or his alleged cohort carry a gun—would place
only the Victim's knowledge of Joe's gun possession in dispute.

It would not open the door for Rule 404(b) evidence to prove Joe's knowledge or intent.

The third defense—that the gun recovered from the Victim's car did not belong to Joe—may or may not place his knowledge, intent, or lack of mistake or accident into dispute. If Joe claims that he was never in the Victim's car, so that the shotgun could not have been in his possession, then his knowledge or intent with respect to possessing the shotgun is not in issue.  On the other hand, if Joe's defense implies that he was in the Victim's car but did not know or intend for the shotgun to be in his constructive possession, then evidence of his prior gun possession will be admissible to prove his knowledge, intent, and lack of mistake or accident. See United States v. Zackson, 12 F.3d 1178, 1182 (2d Cir. 1993) ("Where a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged."); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (where defendant claimed that the illegal machine gun found in his apartment belonged to others who had access to the apartment, evidence of other firearms found in his apartment and truck was admissible to establish his knowledge and the absence of mistake or accident with respect to the presence of the machine gun).

7

Because the relevance of the 2003 gun possession to Joe's knowledge or intent depends upon the defense theory, the Court will reserve decision on the third possible defense until trial. "As a general rule, the offer of evidence to prove the defendant's intent or knowledge should await the conclusion of the defendant's case" unless it is apparent from the beginning that intent will be in dispute. United States v. Pitre, 960 F.2d 1112, 1120 (2d Cir. 1992).

**B. Cross-examination of Defendant about his prior conviction for firearms possession**

The Government also wishes to cross-examine Joe about his 2003 felony conviction for firearms possession if he takes the stand, in order to attack his character for truthfulness pursuant to Federal Rule of Evidence 609(a)(1). That rule permits the impeachment of a defendant witness with evidence of a prior felony conviction if "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused," provided that the conviction is no more than ten years old. Fed. R. Evid. 609(a)(1) & (b).

Defendant argues that the Government should only be permitted to cross-examine him about the fact of his prior conviction, which already will be in evidence by stipulation. See supra n.2. Further questioning about the details of the conviction and the facts underlying it would cause unfair prejudice, Joe asserts, because the jury may infer from his

8

prior firearms possession a propensity to commit firearms offenses.

The Second Circuit has held that "while it may be proper to limit, under Rule 609(a)(1), evidence of the underlying facts or details of a crime of which a witness was convicted, inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required by the Rule, subject to [probative-prejudice] balancing." United States v. Estrada, 430 F.3d 606, 616 (2d Cir. 2005). Therefore, district courts must "undertake an individualized balancing analysis under Rule 609(a)(1) before excluding evidence of the statutory name of a witness's crime . . . [M]any factors are relevant to a district court's exercise of discretion under Rule 609(a)(1), prime among them being whether the crime, by its nature, is probative of a lack of veracity." Id. at 616-17 (internal quotation marks and brackets omitted).

I find that the fact of Joe's prior felony conviction, its date, and the sentence imposed are probative of his lack of respect for the law and credibility. The prejudicial effect of this evidence will be minimal because the jury will already know, by stipulation, that he had been convicted of a felony before his arrest in the instant case.

9

However, unlawful possession of a firearm does not "rest on dishonest conduct" and is not very probative of an untruthful character. See Estrada, 430 F.3d at 617-618 (distinguishing "between crimes that reflect adversely on a person's integrity, and which therefore bear on honesty-such as those involving deceit, fraud, and theft-and acts of violence, 'which may result from a short temper, a combative nature, extreme provocation, or other causes, [and] generally have little or no direct bearing on honesty and veracity.'"). Allowing the jury to know the statutory name of the offense would add little to their assessment of Joe's credibility. At the same time, this detail poses a danger of unfair prejudice. Because the prior conviction for firearms possession is nearly identical to the conduct charged in Count One, the jury may infer unfairly that Defendant has a propensity to commit firearms offenses.

Therefore, the Government is restricted to inquiring about the date of the prior conviction and the sentence imposed. The Government may not inquire into the statutory name of the offense or the facts underlying the conviction, unless those details should come in independently, for example through Rule 404(b) as set forth supra at pp. 7-8.

## C. Cross-examination of the Victim about prior offenses

The Government seeks a ruling that would preclude the defense from cross-examining Hargrove about certain prior offenses.  The defense states that it may wish to cross-examine Hargrove pursuant to Rules 404(b) and 609(a)(1) about the following:  a 1993 conviction for possession of crack/cocaine in the seventh degree, which occurred within blocks of the alleged carjacking; a 1994 assault upon a police officer which resulted in a plea to disorderly conduct and a fine; and a 2004 arrest for a drug sale, occurring at the same location as the alleged carjacking, which resulted in a plea to disorderly conduct and a one-year conditional discharge.  Defendant has also requested additional time to develop a justification to cross-examine Hargrove on these topics.

Cross-examination on these prior offenses will not be permitted pursuant to Rule 609.  The 1993 drug possession conviction is outside the ten-year time limit, and its probative value for the victim's truthfulness does not "substantially outweigh" its prejudicial effect. See Fed. R. Evid. 609(b).  The 1994 assault and 2004 drug sale resulted in pleas to disorderly conduct, which is not a crime under New York law and is not punishable by imprisonment in excess of one year, see N.Y Penal Law §§ 10.00(6), 240.20 & Sent. Chart VII, nor does it involve dishonesty or false statements. See Fed. R. Evid. 609(a)(1)&(2).

11

If the Defendant will seek to cross-examine Hargrove about these prior offenses pursuant to Rule 404(b) or some other rule, he must inform the Court and the Government before opening statements and set forth the new basis for such request.

**D. Evidence of Defendant's 2007 acquittal**

Finally, the Government requests that Defendant be precluded from introducing evidence of his jury acquittal of a felon in possession charge in the Southern District of New York in 2007. Defendant indicates that he does not presently intend to offer his judgment of acquittal into evidence; therefore no ruling is required at this time. The Defendant also has informed the Court that law enforcement personnel who will testify in the instant case may have been involved in that prior case. If so, the Defendant will notify the Court whether he seeks to cross-examine those witnesses about the prior case, and the Court will rule on the permissibility of such inquiry at that time.

## Conclusion

This constitutes the Court's ruling on the Government's request for in limine rulings.

**IT IS SO ORDERED.**

Dated:     New York, New York
           July 21, 2008

                                        _____
                                        JOHN F. KEENAN
                                        United States District Judge

12