Kelley J. Sharkey
Attorney-at-Law
26 Court Street, Suite 2805
Brooklyn, NY 11232
718-858-8843
kelleysharkeyesq@verizon.net

July 9, 2008

Hon. John F. Keenan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007



Re: US v Darryl Joe
Cr. No. 07-734

Dear Judge Keenan:

This letter is in response to the Government's requests detailed in their letter of March 3, 2008.

Underlying facts of defendants's prior conviction for possession of a firearm.

The Government seeks to introduce the underlying facts of the defendant's conviction for the possession of a loaded 9mm Interarms model firearm in 2003. The defense opposes this request. The defense has informed the prosecution that it will stipulate that prior to July 14, 2007 the defendant was convicted of a felony. Proof of Count One of the indictment charging the defendant with violating 18 U.S.C.§ 922(g) (1) does not require any additional information and admission of the underlying facts of the prior conviction could only serve to prejudice the defendant at trial.

> "[t]he underlying facts of the prior conviction...are completely irrelevant to §922(g)(1). The jury has not need to know the nature of the prior; all that it needs to know is that there was a prior conviction sufficient to sustain that element of the crime." United States v. Laster, 2007 WL 2872678 citing United States v. Gilliam, 994 F.2d 97, 103 (2d Cir. 1993).

Further, before the trial has even commenced the prosecution seeks admission of this evidence in the event the defendant raises any defense to the weapons possession charges at trial

> "In this case, the Government expects that the defendant will raise the defense, either through argument or thorough testimony or both, that he did not possess a firearm on July 14, 2007; that whatever the victim saw the defendant carry, or saw

the Defendant's cohort carry, was not a gun; and that the gun recovered from the Victims's car was not the defendant's gun or was not the defendant's cohort's gun, placed in the defendant's possession" Gvpt. Letter March 3, 2008 p. 3.

This Court is familiar with Fed. R. Evid. 404(b) stating:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence or accident...

Rule 404(b) must be read with Fed. R. Evid. 403, which provides for the exclusion of relevant evidence if:

> Its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Evidence proffered under Rule 404(b), must meet three basic criteria before it can be properly admitted at trial. It must be: offered for a proper purpose; relevant under Rule 402; and the evidence must be of the type whose probative value substantially outweighs the potential for unfair prejudice. Huddleston v. United States, 485 U.S. 681, 691 (1987).

Under this Circuit's approach to "other act" evidence, United States v. Pitre, 960 F. 2d 1112 (2d Cir. 1992), the probative value of evidence offered under Fed. R. Evid. 404)b) is still subjected to Fed. R. Evid. 403 analysis. United States v. Levy, 731 F.2d 997 (2d Cir. 1984). This balancing test is a codified version of the common law tradition that shielded a defendant from evidence of guilt by reputation. United States v. Cook, 538 F.2d 1000, 10004 (5th Cir. 1976). This Circuit has been quick to reverse convictions when it decided that improperly admitted 404(b) material adversely affected the jury's consideration of the evidence. In United States v. Figueroa, 618 F. 2d 934 (2d Cir. 1980) the Court reversed a conviction where evidence was adduced concerning a prior drug sale and the defense was based upon the theory that conduct had never taken place. (See United States v. Colon, 880 F.2d 650(2d Cir. 1989).

The Government argues that evidence of Darryl Joe's prior gun possession may be introduced as "similar act" evidence pursuant to Rules 404(b) and 403 of the Federal Rules of Evidence or the evidence may be introduced with respect to "issues of a defendant's knowledge, intent, and absence of mistake..."

The Court should deny the Governments request in all respects. Introduction of other crimes evidence would likely "weigh too much with the jury and to so over persuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge." Michelson v. United States, 335 U.S. 469, 475-476 (1948).

Introduction of the above referenced evidence will have the effect of demonstrating propensity on the part of Darryl Joe rather than allowing for a fair review by the jury of the charges contained in the indictment and should not be allowed pursuant to Fed. R. Evid. 403. The district court has broad discretion to admit or exclude evidence of prior convictions and that discretion should be used to preclude the introduction of the proffered evidence and ensure a fair trial to the defendant in this matter.

In the event the Court does not preclude the introduction of other crime evidence based on the submissions of the parties, the defendant requests a hearing on these issues demonstrating the relevance of the other crimes evidence pursuant to Fed. R. Evid 403, their admissibility pursuant to Fed. R. Evid. 609 (b), and other such relief as this court may deem just and proper.

Cross Examination of Defendant on Prior Felony Conviction Federal Rule of Evidence 609

In the event the defendant testifies at trial, the prosecution seeks a ruling that the Government be allowed to cross examine Mr. Joe on his 2003 weapons possession conviction. F.R.E. 609 (a)(1) grants broad discretion to the trial judge in this area. A prior conviction may be admitted if the probative value of the evidence outweighs its prejudicial effect on the accused. F.R. E. 609(a)(1). In this instance, the prior felony at issue is a conviction for the criminal possession of a weapon. Cross examination on the underlying facts of this conviction would only serve to prejudice the jury by inferring that the defendant had a propensity to commit firearms offenses. By stipulation, the jury will already be aware that the defendant has been convicted of a crime punishable by more than one year in jail. Testing the defendant's credibility can be achieved by cross examination on the fact that he pled guilty to a felony. The prejudice flowing from cross examination on the underlying facts of that 2003 felony would not be outweighed by its probative value and would amount to an abuse of discretion.

Government's Request to Restrict Cross Examination of Michael Hargrove

The prosecution seeks to sanitize Hargrove's testimony by seeking a ruling prohibiting the defense from cross examining the witness on prior bad acts. As previously stated, F.R.E. 404 (b) and 609 (a)(1) grant the trial court broad discretion in determining the convictions on which a witness may be cross examined. F.R.E. 404 (b) allows cross examination on prior convictions when it is utilized for purposes *other than* proof of character. F.R.E. 609 allows for cross examination of prior convictions if the probative value of admitting this evidence outweighs it prejudicial effect. Under F.R.E. 609 evidence of a conviction is not generally admissible if a period of more than ten years has elapsed since the date of conviction, unless in the interests of justice, the probative value of the conviction is supported by specific facts and circumstances that substantially outweigh its prejudicial effect.

Here, there are three prior occurrences on which the defense may seek to cross examine the witness. The first was for felony weight possession of crack/cocaine in excess of 1/8th of an ounce, New York Penal Law sections 220.16 and 220.09. This case occurred in February 1993 within blocks of the alleged car jacking charged in this indictment. The second conviction on which the defense may cross examine the witness was for an assault on a police officer occurring

at approximately the same location as the alleged car jacking in this indictment. The assault was resolved by a plea to disorderly conduct and a fine. The incident occurred March 5, 1994. The third conviction on which the defense may cross examine the witness was for the criminal facilitation of a drug sale occurring at the same location as the alleged car jacking charged in the indictment, and occurred on February 6, 2004. This case was resolved by a plea to disorderly conduct and a conditional discharge of one year.

If a justification for cross examination on these convictions is required by the Court, the defense seeks additional time to develop such information. As the Court is aware, counsel for the defendant is newly assigned and is in the process of investigating the case and preparing for trial on July 22, 2008.

Evidence of Jury Acquittal of Defendant of Felon In Possession Charges in 2007

At this juncture, the defendant does not seek to introduce a certificate of disposition (if an acquittal is considered a "disposition"). This Court should be aware that there may be "overlapping" law enforcement personnel involved in the prior case which resulted in an acquittal and the current prosecution. In the event it becomes apparent that cross examination of the witnesses may go into this area, defense counsel will alert the Court beforehand.

    Respectfully,

    Kelley J. Sharkey
    26 Court St.
    Suite 2805
    Brooklyn, New York 11242